IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP d/b/a HBI INTERNATIONAL, <br><br> Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Republic Technologies (NA), LLC, and Republic Tobacco, L.P. for their Complaint against Defendant, BBK Tobacco & Foods, LLP d/b/a HBI International, state as follows:

### THE PARTIES

1. Plaintiff Republic Technologies (NA), LLC ("Republic Technologies") is a Delaware limited liability company with a place of business in Glenview, Illinois. Republic Technologies owns the trademark OCB for use with cigarette papers in the United States and in many foreign countries. Plaintiff Republic Tobacco, L.P. ("Republic Tobacco") is a Delaware limited partnership with a place of business in Glenview, Illinois. Republic Tobacco is the exclusive distributor of OCB cigarette papers in the United States, having the exclusive right to purchase OCB products from the manufacturer. OCB is the best-selling brand of roll-your-own cigarette paper in the world.

2. Upon information and belief, Defendant BBK Tobacco & Foods, LLP d/b/a HBI International is a limited liability partnership organized under the laws of Arizona with its principal place of business in Phoenix, Arizona. Defendant distributes and sells cigarette papers

under the trade name RAW that compete with the OCB cigarette papers distributed and sold by Republic Tobacco.

## JURISDICTION AND VENUE

3. This is an action arising in part under the Declaratory Judgment Act, 22 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

4. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over any common law claims raised in this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this district, Plaintiffs' place of business is in this district, and Defendant offers its goods for sale in this district and is subject to personal jurisdiction in this district.

## NATURE OF THE CASE

6. Plaintiffs bring this action in response to Defendant's assertions of rights in the cover for Defendant's RAW cigarette paper booklets and Defendant's accusation that the booklet cover for Republic Technologies' organic hemp OCB cigarette papers infringes its right in the cover for its RAW cigarette paper booklets. Plaintiffs also bring this action to seek redress for Defendant's conduct, which includes communications and threats to Plaintiffs and their customers, that has directly and materially affected the business of Republic Technologies and Republic Tobacco.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Since 1923, Plaintiffs and their predecessors have continuously marketed and distributed cigarette papers under the fanciful and inherently distinctive trademark OCB. During

this period, Plaintiffs and their predecessors have devoted significant time, effort and resources to marketing and promoting cigarette papers bearing the OCB mark. As a result of this longstanding, continuous and extensive use and promotion, the OCB mark has developed further distinctiveness and considerable consumer recognition, and has come to signify Plaintiffs as the source of cigarette papers bearing the mark.

8. To protect its rights in the OCB mark, Republic Technologies has obtained and maintains a federal trademark registration for the mark for use in connection with cigarette papers, Registration No. 174,501 (issued October 16, 1923), which has long been incontestable pursuant to 15 U.S.C. §1065.

9. As part of its continuous use and promotion over the years, Plaintiffs have marketed and distributed OCB cigarette papers with various packaging designs. The original package design (i.e., booklet cover) prominently displays OCB in large type, set with an distinctive herring-bone border:



Plaintiffs later developed a premium line of OCB cigarette papers, the package design for which prominently displays OCB in large holographic letters:



These cover packages displayed the holographic letters OCB in a variety of colors, including red:



10. Later, Plaintiffs introduced a natural, organic, unbleached line of OCB cigarette papers made of hemp, the United States packaging for which currently appears as follows:



11. Upon information and belief, Defendant entered the cigarette rolling paper business in the 1990s. Defendant sells cigarette papers that compete directly with the OCB brand and other brands of cigarette papers distributed by Republic Tobacco. One of these brands is Defendant's RAW cigarette papers.

12. Defendant has obtained numerous federal trademark registrations for the mark RAW; the first of which was issued in August, 2005 (*see e.g.* Registration No. 2,989,221).

13. Over the years, Defendant has marketed and distributed its RAW cigarette papers with various packaging designs, including the following design for its "classic" and "organic hemp" papers:





Each of these package designs most prominently feature the mark RAW in distinctive red lettering.

14. Defendant obtained a federal registration for the design of the cover of a box of its RAW organic hemp cigarette paper booklets:



(*See* Registration No. 4,647,824; filed October 2013; issued December 2, 2014). In the registration, Defendant claims the following specific combination of elements as its trademark:

- 5 -

(i) a rectangular tan box shape with a line of green grass illustrated along its lower edge;

(ii) the wording "24 PER BOX" in brown stylized font in the top left of the box;

(iii) the word "RAW" in larger red stylized font set at an angle in the center of the box;

(iv) above the word "RAW" on the left, the wording "ORGANIC HEMP" in tan stylized font within a rectangular brown border;

(v) above the word "RAW" on the right, a brown circular element with a tan center containing the wording "AUTHENTIC" and "UNREFINED" in tan within a brown outer ring and the wording "PUREST NATURAL HEMP FIBERS" in brown font with a brown leaf design within its center;

(vi) the phrase "NATURAL UNREFINED HEMP ROLLING PAPERS" in stylized brown font beneath the word RAW;

(vii) the wording "NATURAL HEMP GUM" in the lower portion of the mark;

(viii) "www.rawthentic.com" in brown font in the lower right;

(ix) "1 ¼ size" brown font in the lower left above the wording "ORGANIC HEMP" in tan within a brown rectangular border; and

(x) a realistic illustration of twine in brown and tan crossing the mark vertically and horizontally with a knot in the center of the mark.

15. At that time, certain of Republic Technologies' OCB organic hemp packages featured the OCB mark in red, and were sold in both Europe and the United States.

16. Notwithstanding the myriad distinctions in the packaging of Defendant's RAW organic hemp papers and Plaintiffs' OCB organic hemp papers, almost two years ago, in August 2014, Defendant's president, Josh Kesselman, contacted Plaintiffs and demanded Republic Technologies change the color of the OCB mark appearing on packages of OCB organic hemp cigarette paper booklets, and threatened legal action against Plaintiffs based on its use of the color red.

17. To resolve Defendant's demand, Republic Technologies voluntarily agreed to change, and did change, the color of the OCB lettering on the package of organic hemp OCB cigarette papers sold in the United States from red to brown. Defendant asserted rights in no other elements of its packaging, nor did it object to any other elements of the packaging for Plaintiffs' OCB organic hemp cigarette papers. Plaintiffs' European affiliates continued to use and distribute OCB cigarette paper with the letters OCB in the shade of red long used on OCB papers in Europe, which is a different shade of red than that used by Defendant for its RAW cigarette papers.

18. Defendant took no further action and remained silent for the next 18 months. During this time, Plaintiffs continued to invest time, energy and money to promote and develop sales for its OCB organic hemp cigarette papers.

19. On February 19, 2016, counsel for Defendant renewed its "cease and desist" demand in a letter to Plaintiff's counsel, asserting substantial similarity and actual consumer confusion between its organic hemp cigarette paper booklets bearing the mark RAW in red letters and Plaintiffs' organic hemp cigarette papers bearing the mark OCB in brown letters. Defendant also sent a copy of the letter to at least one of Plaintiffs' largest customers, Vanilla LA Group, Inc. *See* February 19, 2016 letter, attached hereto as Ex. A.

20. In the February 19, 2016 letter, Defendant claims certain elements of its RAW product packaging constitute a protectable trade dress, namely:

    a. use of a 3-letter mark (i.e. RAW v. OCB);

    b. use of red lettering;

    c. use of the descriptive terms "organic hemp";

    d. use of diagonal lettering;

    e. "4 standard symbols" above a bar code; and

  f. a green grass design.

The letter includes photographs and comparisons to the packaging for OCB cigarette paper booklets sold in Europe, which have been discontinued in the United States.

  21. The letter uses unfounded intellectual property "concerns" in an attempt to impair or rupture the goodwill that exists between Plaintiffs and the purchasers of OCB organic hemp cigarette papers, including Vanilla LA Group, Inc., and on information and belief, other purchasers of OCB cigarette papers.

  22. On information and belief, Defendant's actions were designed to cause, and have in fact caused injury to Plaintiffs, including without limitation, the loss of actual, existing, and/or potential business, marketshare, profits, customers and goodwill. Moreover, by raising again essentially the same claims and allegations as it raised in August 2014, this letter constitutes a renewed threat of legal action.

  23. In view of the harm being suffered by Plaintiffs, as well as Defendant's pattern of threat and intimidation, Plaintiffs filed the instant suit to protect their rights in the OCB trademark and the product packaging for OCB organic hemp cigarette papers.

  24. Defendant's actions create an actual case or controversy between Plaintiffs and Defendant, within the meaning of the Declaratory Judgment Act, 22 U.S.C. §§ 2201 and 2202, for which declaratory relief is necessary and appropriate.

## COUNT I

### DECLARATION THAT DEFENDANT DOES NOT OWN A PROTECTABLE INTEREST IN ITS ASSERTED TRADE DRESS

  25. Plaintiffs incorporate the allegations in paragraphs 1-24 of this Complaint as if set forth fully herein.

26. As set forth above, Defendant has asserted purported rights in the trade dress for the packaging of its RAW cigarette papers, and continues to assert its claims against Plaintiffs.

27. The elements asserted as comprising Defendant's trade dress for the packaging of its RAW organic hemp cigarette papers do not constitute protectable rights and do not signify Defendant as the source of the goods.

28. Defendant has communicated with Plaintiffs and with customers of Republic Tobacco to threaten them with false claims that the trade dress for OCB organic hemp cigarette paper booklets infringe upon the rights of Defendant.

29. Defendant's assertions that Plaintiffs are violating its legal rights irreparably injures and adversely affects Plaintiffs and, unless prevented by this Court, will continue to so affect Plaintiffs' business and the immense investment made in the OCB organic hemp cigarette papers and attendant goodwill. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy which Defendant's assertion has precipitated, Plaintiffs are entitled to a declaratory judgment that Defendant does not have protectable trademark rights in the packaging for the RAW organic hemp cigarette papers as asserted in the February 19, 2016 letter.

## COUNT II

## DECLARATION OF NON-INFRINGEMENT

30. Plaintiffs incorporate the allegations of paragraphs 1-29 as if set forth fully herein.

31. The packaging of Plaintiffs' OCB organic hemp cigarette papers is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiffs with Defendant and is not likely to cause confusion as to the origin, sponsorship, or approval of Plaintiffs' cigarette papers and the cigarette papers offered by Defendant.

32. To the extent Defendant is entitled to any protection in the package of its RAW organic hemp cigarette papers, Plaintiffs are entitled to a declaratory judgment of its rights, namely that they are not in violation of Defendant's rights, including without limitation any rights Defendant may have in the packaging of the RAW organic hemp cigarette papers, Registration No. 4,647,824 under 15 U.S.C. §§ 1114 or 1125, at common law or under any state trademark law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant judgment in their favor on all counts and enter an order:

A. Declaring that Defendant does not have a protectable property interest in its asserted trade dress;

B. Declaring that Plaintiffs use of its OCB-branded organic hemp packaging is lawful and does not infringe upon any rights of Defendant under federal trademark or common law;

C. Awarding to Plaintiffs their reasonable attorneys' fees, expenses and costs in this action; and

D. Awarding such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand trial by jury on all issues so triable.

Attorneys for Plaintiffs


By: /Antony J. McShane/
      One of Their Attorneys

Charles S. Bergen (ARDC# 6186595)
Bergen Law Office
33 N. LaSalle, Suite 1910
Chicago, IL 60602
Telephone: (312) 590-4304

Antony J. McShane (ARDC# 6190332)
Andrew S. Fraker (ARDC# 6312833)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
Dated: March 17, 2016

24305659.2