```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


  REPUBLIC TECHNOLOGIES (NA),    )
  LLC and REPUBLIC TOBACCO, L.P.,)
                                 )
       Plaintiffs,               )
                                 )
       v.                        )  No. 16 C 3401
                                 )
  BBK TOBACCO & FOODS, LLC d/b/a )
  HBI INTERNATIONAL,             )
                                 )
       Defendant.                )
                                 )
```

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. (together, "Republic") filed this action pursuant to the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201 *et seq.*, seeking a declaration that defendant BBK Tobacco & Foods LLP, d/b/a HBI International ("HBI"), does not own a protectable interest in its trade dress, or in the alternative, that Republic has not infringed any trade dress rights that HBI may possess. HBI has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), alleging that there is no "actual controversy" between the parties as required for subject matter jurisdiction under the DJA. For the reasons below, the motion is granted, but without prejudice to Republic's right to file an amended complaint containing factual allegations sufficient to

demonstrate the existence of an actual controversy between the parties.

# I.

Republic and HBI are competing makers of cigarette rolling papers. Republic markets its rolling papers under the trademark "OCB"; HBI markets its papers under the trademark "RAW." Although the parties each make several different kinds of cigarette rolling papers, the dispute here centers specifically on the packaging used for the parties' organic hemp rolling papers.

The complaint alleges that in August 2014, around the time that Republic first introduced its hemp rolling papers, HBI's president, Josh Kessleman ("Kessleman"), contacted Republic and demanded that it change the color of the "OCB" mark appearing on the cover of its packaging. Republic claims that Kessleman threatened legal action, and that Republic subsequently changed the color of the OCB lettering from red to brown. According to the complaint, HBI did not object to any other elements of Republic's packaging at that time.

On February 19, 2016, HBI's outside counsel sent a letter ("the February 2016 Letter") to Republic's outside intellectual property counsel. Republic describes the letter as a cease-and-desist letter; HBI describes it as an "invitation letter." The letter stated that HBI was concerned that similarities between

its packaging and Republic's packaging had caused (or were likely to cause) consumer confusion over whether the rolling papers originated from the same source. The letter goes on to describe several respects in which it believes Republic's packaging is similar to HBI's. It also refers to a recent survey that it claimed indicated consumer confusion between the two brands. In closing, the letter states that HBI "wishes to discuss with Republic its willingness to make changes to the OCB Organic Hemp package design that will eliminate and [sic] the substantial similarity between the package designs and any consumer confusion." Compl. Ex. B at 4. The letter concludes by saying, "Please let me know by March 4, 2016, if you, or anyone else from Republic, is interested and available to engage in that discussion. I hope to hear from you soon." *Id*.

In addition to sending the letter to Republic's outside counsel, HBI also sent a copy of the letter to one of Republic's main customers, Vanilla LA. Republic characterizes HBI's actions as an attempt to intimidate Republic's customers by suggesting that they risk being sued by HBI if they continue to sell Republic's hemp rolling papers. According to Republic, HBI's actions have caused it to lose profits, customers, and goodwill.

**II.**

**Rule 12(b)(1)**

The standard to be applied in deciding a Rule 12(b)(1) motion depends on the type of challenge the motion raises to subject matter jurisdiction. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Where a 12(b)(1) motion raises a facial challenge to jurisdiction -- i.e., where it challenges the sufficiency of the complaint's allegations for jurisdiction -- I must "accept[] all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id*. Where the motion presents a factual challenge -- i.e., where it disputes the truth of the allegations on which jurisdiction is premised -- I "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* at 444. (brackets and quotation marks omitted).

Neither of the parties has addressed the question of whether HBI's challenge is facial or factual. The matter is complicated slightly by the fact that both parties freely make factual assertions in their briefing that go well beyond those of the complaint. Specifically, Republic makes additional allegations accusing HBI of engaging in a two-year campaign of "innuendo, threats, false advertising and interference with Republic's customers, all implying or stating that OCB papers are a 'copy' of HBI's RAW rolling papers and infringe on the RAW

4

trademarks and trade dress." Pl.'s Resp. Br. at 1. For its part, HBI discusses a March 2016 letter that it allegedly received from Republic in response to its February 2016 Letter. According to HBI, Republic attached a courtesy copy of the complaint in this action and asked that HBI confirm either that no further changes needed to be made to its packaging or that it wished to proceed with this suit. HBI claims that Republic never waited for a response and filed the action the same day.

Despite these additional factual assertions, HBI's challenge is ultimately a facial one. HBI does not challenge the truth of any of the complaint's factual allegations but instead contends that the allegations, even if true, are insufficient to demonstrate the existence of an "actual controversy" within the meaning of the DJA. Thus, while Republic has attached an affidavit and other exhibits to its response brief, I have not considered these for purposes of deciding this motion. *See, e.g.*, *Citizens Against Longwall Mining v. Colt LLC*, No. 05-3279, 2006 WL 1989888, at *7 (C.D. Ill. July 13, 2006) (because jurisdictional allegations failed on their face, affidavits attached to plaintiff's response would not be considered); *Carter v. Soc. Sec. Field Office*, No. 02 C 5526, 2004 WL 609316, at *3 n.5 (N.D. Ill. Mar. 22, 2004) (declining to consider substantial documentary evidence attached to defendant's Rule

12(b)(1) motion because these were presented for informational purposes, not as factual support for the motion).

**The Declaratory Judgment Act**

The Declaratory Judgment Act (DJA) provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Supreme Court has held that the DJA's "actual controversy" requirement is coterminous with Article III's case-or-controversy requirement. *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). In *MedImmune*, the Supreme Court articulated the standard to be used in determining whether a dispute constitutes an "actual controversy" for purposes of the DJA: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quotation marks omitted). In fashioning this standard, the Court expressly rejected the standard previously advanced by the Federal Circuit, which required the declaratory judgment plaintiff to show a "reasonable apprehension of suit." *Id*. at 132 n.11

HBI argues that Republic has failed to allege a controversy between the parties of "sufficient immediacy and reality." I agree -- though not on the basis of HBI's arguments. HBI's central contention is that, "[f]ollowing *MedImmune*, the weight of authority has held that a cease and desist letter is insufficient to create 'an actual controversy of sufficient immediacy' if it makes no mention of litigation, and maintains a cordial, non-threatening tone." Def.'s Summ. J. Mem. at 8. HBI's statement of the law is incorrect. As the Federal Circuit has stated:

> The purpose of a declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids the magic words such as "litigation" or "infringement." Of course, if a party has actually been charged with infringement of the patent, there is, *necessarily,* a case or controversy adequate to support [declaratory judgment] jurisdiction. But it is implausible (especially after *MedImmune* and several post *MedImmune* decisions from this court) to expect that a competent lawyer drafting such correspondence for a patent owner would identify specific claims, present claim charts, and explicitly allege infringement.

*Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) (citations, quotation marks, and brackets omitted). Courts have likewise held that an actual controversy may be present even where the parties' relationship or communications can be described as "cordial." *See, e.g.*, *Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*, No. 15 CIV. 6503 (JSR), 2015 WL 9487886, at *4 (S.D.N.Y. Dec. 29, 2015) ("Although [the

parties] may have had a cordial relationship, the test for finding a 'controversy' for jurisdictional purposes is a pragmatic one and cannot turn on whether the parties use polite terms in dealing with one another or engage in more bellicose saber rattling.") (brackets and quotation marks omitted).

But to show that an actual controversy may be established in the absence of an express reference to litigation in parties' correspondence is not to show that the facts alleged in this case demonstrate the existence of an actual controversy. Even if the specific arguments advanced by HBI are unpersuasive, the underlying concern raised by its motion is significant. As the party with the burden of establishing the existence of subject matter jurisdiction, *see, e.g.*, *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014), Republic must affirmatively allege facts sufficient to show that its dispute with HBI is of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Moreover, the court has an independent obligation of its own to ensure that the requirements for subject matter jurisdiction are present. *See, e.g.*, *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005).

The facts alleged in Republic's complaint do not establish the presence of an "actual controversy" between the parties here. The complaint contains only three allegations that would

potentially support such a conclusion: (1) the HBI's February 2016 Letter; (2) the fact that HBI previously threatened Republic with litigation based on the purported similarities between the packaging of its organic hemp rolling papers and Republic's packaging; and (3) that HBI sent a copy of the February 2016 Letter to one of Republic's customers. However, Republic makes no attempt to show that these amount to an "actual controversy" within the meaning of the JDA.

The sole case that Republic cites in support of its position, *Serta, Inc. v. Oleg Cassini, Inc.*, No. 11-CV-8004, 2012 WL 2503959 (N.D. Ill. June 28, 2012), is inapposite. The parties in *Serta* had engaged in correspondence for a period of two months. *Id*. at *1. The defendant had expressly threatened litigation, and after unsuccessful settlement discussions, both parties filed suit. *Id*. Indeed, the question at issue in *Serta* was not whether an actual controversy had been alleged but whether Serta's declaratory judgment action was an improper anticipatory filing. *Id*. at *2.

To be sure, the factors alleged by Republic have been found by some courts to be relevant to the "actual controversy" inquiry. For example, courts have found that a competitor's attempts to intimidate a party's customers may satisfy the "actual controversy" requirement. *See, e.g.*, *Field Container Co., L.P. v. Somerville Packaging Corp.*, 842 F. Supp. 338, 341

(N.D. Ill. 1994). But where such conduct has been found sufficient to confer jurisdiction under the JDA, the interference was either combined with other significant factors or went well beyond sending a customer a copy of a letter such as the one HBI sent to Vanilla LA. *See, e.g.*, *Infection Prevention Techs., LLC v. UVAS, LLC*, No. 10-CV-12371, 2011 WL 4360007, at *19 (E.D. Mich. July 25, 2011) (defendants contacted plaintiff's customers directly and threatened them with litigation; defendants also sent letter to plaintiff demanding explanation as to why its product did not infringe their patent).

Similarly, a prior history of litigation between parties may be used to prove the existence of an actual controversy under the JDA. But the prior litigation in these cases was more extensive than, as is alleged here, a single threat of litigation that never resulted in an actual lawsuit and that occurred nearly two years ago. *See, e.g.*, *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, No. 04 C 0346, 2004 WL 2616300, at *2 (N.D. Ill. Nov. 17, 2004) ("[B]eing competitors and engaging in prior litigation, without more, does not establish the existence of a case or controversy.").

In short, while successfully refuting the specific argument asserted by HBI in support of its motion to dismiss, Republic has failed to allege a substantial controversy with HBI "of

10

sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549, U.S. at 127. I therefore grant HBI's motion to dismiss. However, the dismissal is without prejudice to Republic's right to file an amended complaint containing additional factual allegations sufficient to demonstrate the existence of an actual controversy between the parties.

### III.

For the reasons discussed above, HBI's motion to dismiss Republic's complaint is granted without prejudice.

**ENTER ORDER**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: July 7, 2016

11