IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REPUBLIC TECHNOLOGIES (NA), )
LLC and REPUBLIC TOBACCO, L.P., )
                                )
     Plaintiffs,                )
                                )
     v.                         ) No. 16 C 3401
                                )
BBK TOBACCO & FOODS, LLC d/b/a  )
HBI INTERNATIONAL,              )
                                )
     Defendant.                 )

MEMORANDUM OPINION AND ORDER

Before me is a motion by defendant BBK Tobacco & Foods LLP, d/b/a HBI International ("HBI") to transfer this action to the U.S. District Court for the District of Arizona. For the reasons below, the motion is denied.

I.

Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. (together, "Republic") filed this suit against HBI in March 2016, seeking a declaratory judgment that HBI owns no protectable interest in its trade dress, or that Republic has not infringed HBI's trade dress rights. HBI moved to dismiss the complaint on the ground that there was no actual controversy between the parties. On July 7, 2016, I granted HBI's motion to dismiss, without prejudice to Republic's right to file an

amended complaint containing additional factual allegations sufficient to demonstrate the existence of an actual controversy between the parties.

On August 4, 2016, Republic filed an amended complaint. In addition to its claim for declaratory relief, the amended complaint asserts claims for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510. Meanwhile, on July 8, 2016 -- the day after I granted HBI's motion to dismiss -- HBI filed a separate suit against Republic in the District of Arizona. HBI's complaint alleges federal claims for trademark infringement, 15 U.S.C. § 1114, "Federal False Designation of Origin and Representation," 15 U.S.C. § 1125, and copyright infringement, as well as claims under Arizona law for trademark infringement and unfair competition. HBI did not inform Republic of the action until three weeks later, on July 28, 2016. According to HBI, this was because the parties' counsel had "re-commenced settlement communications immediately following this Court's dismissal of the initial complaint and after the filing of the Arizona complaint and before service of the Arizona complaint." Reply Br. at 3.

Republic filed a motion to stay in the Arizona action. *BBK Tobacco & Foods LLP v. Republic Technologies (NA) LLC et al.*,

No. 16 C 2263 (D. Ariz. filed Aug. 15, 2016), ECF No. 11. The motion has not yet been decided. HBI filed a motion to dismiss the amended complaint or to transfer this action to Arizona.[1]

II.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Courts may transfer a case under Section 1404(a) when: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg,. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012). The movant bears the burden of establishing that the transferee forum is clearly more convenient. *See, e.g.*, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

HBI's initial brief in support of its motion to dismiss or transfer presents no argument in support of its request for transfer. Although the brief recites the factors relevant to the

---

[1] In a previous order, I denied HBI's motion insofar as it sought dismissal of the amended complaint. *Republic Technologies (NA), LLC et al v. BBK Tobacco & Foods, LLP d/b/a HBI International*, No. 16 C 3401 (N.D. Ill. Aug. 24, 2016), ECF No. 26.

inquiry under § 1404, it is only in its reply brief that HBI attempts to show why these factors support transfer of the litigation. This alone warrants denial of HBI's motion.[2] *See, e.g.*, *Baeco Plastics, Inc. v. Inacomp Fin. Servs., Inc.*, 51 F.3d 275 (7th Cir. 1995) ("A party's principal argument must appear in the opening brief, so that it may be answered. A litigant may not throw down a gauntlet in the opening brief and reserve its argument for the reply brief."). Even on the merits, however, HBI's motion fails. Since the parties do not dispute the propriety of venue in either district, the only question here is whether transfer would be more convenient for the parties and witnesses and would promote the interests of justice. I conclude that it would not.

**A.   Convenience of the Parties and Witnesses**

In evaluating the convenience of the parties and witnesses, courts weigh: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Hanover Ins.*, 891 F. Supp. 2d at 1025.

The first factor -- the plaintiff's choice of forum -- is typically accorded significant weight where, as here, the

---

[2] Republic has moved on this ground to strike HBI's reply. In light of my ruling on the motion to transfer, the motion is denied as moot.

plaintiff resides in the chosen forum. *See, e.g.*, *Basile v. Prometheus Glob. Media, LLC*, No. 15-CV-10138, 2016 WL 2987004, at *5 (N.D. Ill. May 24, 2016). However, as HBI correctly points out, where there are parallel cases "involv[ing] a declaratory judgment action and a mirror-image action seeking coercive relief[, courts] ordinarily give priority to the coercive action, regardless of which case was filed first," *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). Since Republic's suit initially sought only declaratory relief and HBI's suit seeks coercive relief, HBI claims that the Arizona action should be given priority.

This argument fails for at least two reasons. First, in light of the additional claims asserted in Republic's amended complaint, both parties' actions are "coercive." While Republic's original complaint sought only declaratory relief, HBI cites no authority suggesting that this ought to make a difference in the transfer analysis.

Second, the Seventh Circuit has never held that coercive actions automatically take precedence over declaratory judgment actions. On the contrary, *Research Automation*, on which HBI principally relies, emphasizes that "there is no precise rule for resolving the problem created by mirror-image lawsuits in two different federal courts," 626 F.3d at 982 (quotation marks omitted), and that the transfer statute permits a "flexible and

5

individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations," *id*. at 978. While the court noted that priority is "ordinarily" given to coercive actions, the circumstances of this case are not ordinary. Typically, parallel suits are filed within days of one another. *See, e.g.*, *Research Automation*, 626 F.3d at 976 (coercive action filed seventeen days after declaratory judgment action); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (infringement action filed four days after declaratory judgment action). Here, by contrast, HBI's suit was filed roughly four months after Republic's action -- and only after the parties had litigated a motion to dismiss Republic's suit. HBI does not explain why its suit should be accorded priority despite the fact that it waited so long before filing it.

HBI also argues that Republic's choice of forum should be accorded no weight because Republic's suit was an improper anticipatory filing. "Courts have ... departed from a first-to-file rule where one party files its lawsuit in anticipation of an impending suit by the opposing party." *Research Automation*, 626 F.3d at 980; *see also Palmer-Tech Servs., Inc. v. Alltech, Inc.*, No. 14 C 1005, 2014 WL 1758452, at *2 (N.D. Ill. Apr. 30, 2014) ("In a declaratory judgment action,... but for the

preemptive filing of declaratory judgment ...[the defendant] would have been entitled to file whenever it wanted, wherever it wanted. The defendant is the natural plaintiff -- the one who wishes to present a grievance for resolution by a court, and the plaintiff's choice of forum is therefore entitled to less deference ... than it would otherwise receive.") (quotation marks, brackets, and citations omitted).

But despite its repeated accusations of procedural fencing on Republic's part, HBI has not shown that Republic's suit was anticipatory. Republic maintains that it brought the declaratory judgment action because HBI had used the specter of litigation as part of a campaign to intimidate Republic and its customers while deliberately avoiding a determination of the parties' rights. The Declaratory Judgment Act's purpose is to afford relief to parties in just this predicament. *See, e.g.*, *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010) ("The remedy made available by the Declaratory Judgment Act ... relieves potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never.") (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998)).

HBI has not pointed to anything in the record to refute Republic's representations. Moreover, HBI's own conduct in the

litigation -- the fact that it filed suit after initially seeking dismissal of this action on the ground that there was no actual controversy between the parties, and the fact that HBI did not inform Republic of the Arizona suit until weeks after it was filed -- leaves HBI at least equally vulnerable to charges of procedural gamesmanship. In short, while Republic's choice of forum is not entitled to the deference it might receive in the absence of a parallel coercive suit, HBI's action is also not entitled to deference.

    The remaining § 1404 convenience factors likewise are either neutral or militate against transfer. The second factor -- the situs of material events -- has been defined in various ways in trademark and intellectual property cases. Some courts have held that in determining the "situs of material events ...[in] intellectual property cases ... the focus is on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *Corp. Safe Specialists, Inc. v. Tidel Techs., Inc.*, No. 05 C 3421, 2005 WL 2124483, at *2 (N.D. Ill. July 28, 2005) (quotation marks omitted); *Energaire Corp. v. E.S. Originals, Inc.*, No. 99 C 3252, 1999 WL 1018039, at *3 (N.D. Ill. Nov. 2, 1999). So conceived, this factor weighs against transfer because the alleged infringer, Republic, is located in Illinois.

Other courts have stated that the situs of material events is where the unlawful use of the trademark is alleged to have occurred. *See, e.g.*, *Int'l Truck & Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002) ("In trademark infringement actions, the situs of the injury is the location or locations where the infringing activity takes place, or where the unlawful use of the mark occurs.") (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 n. 31 (Fed. Cir. 1994)). Under the latter criterion, the second factor is neutral, since the offending conduct is not alleged to have occurred predominantly in either Illinois or Arizona.

The third factor -- the location of the sources of proof -- has become less important in recent years "because documentary and digital evidence is readily transferable and transporting it generally does not pose a high burden upon either party." *Cabellero v. Taylor*, No. 12-CV-8645, 2013 WL 2898254, at *3 (N.D. Ill. June 13, 2013) (quotation marks omitted). However, to the extent that it figures in the calculus at all, the location of the evidence favors Republic. *See, e.g.*, *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548-49 (S.D.N.Y. 2008) ("[I]n infringement cases, it makes sense that the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept

weigh in favor of transfer to that location.") (quotation marks omitted).

The convenience of the witnesses does not favor either party. Republic and HBI identify roughly the same number of witnesses, and HBI points to nothing in the nature or importance of its witnesses' testimony that would support transfer. *See, e.g.*, *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007) ("I must also consider the convenience of potential witnesses, looking beyond the number of witnesses to be called and examining the nature and quality of the witnesses' testimony with respect to the issues in the case."). The final factor -- the parties' own convenience -- is also a wash. It is no less convenient for HBI to litigate in Illinois than for Republic to litigate in Arizona. Taken together, therefore, the first set of factors does not warrant transfer.

### B.  Interests of Justice

In considering the interests of justice, "courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins.*, 891 F. Supp. at 1025. Again, none of these factors warrants transfer of this action.

The parties agree that the median length of time from filing to trial is between thirty-three and thirty-four months in the District of Arizona and roughly thirty-eight months in the Northern District of Illinois. A difference of between four and five months does not tip the scales in either direction. *See, e.g.*, *Brady v. Hanger Orthopedic Grp., Inc.*, No. 05 C 0492, 2006 WL 2560953, at *3 (N.D. Ill. Aug. 30, 2006) (four-month difference in disposition between forums was not significant). The court's familiarity with the applicable law does not favor transfer. Indeed, HBI does not argue that this factor favors transfer; it maintains only that, notwithstanding Republic's assertion of claims under Illinois law, the court's familiarity with the relevant law does not weigh *against* transfer. And finally, the community interest factors -- the desirability of resolving controversies in each locale and the relationship of each community to the controversy -- do not favor either party. Nothing about this dispute suggests that one party's interest in resolving it is greater than the other's.

In short, HBI has failed to show that transferring this action to Arizona would be more convenient or would serve the interests of justice. Accordingly, HBI's motion to transfer is denied.

## Conclusion

For the reasons discussed above, HBI's motion to transfer is denied.

**ENTER ORDER**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 26, 2016