```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


   REPUBLIC TECHNOLOGIES (NA),     )
   LLC and REPUBLIC TOBACCO, L.P., )
                                   )
         Plaintiffs,                )
                                   )
         v.                        )  No. 16 C 3401
                                   )
   BBK TOBACCO & FOODS, LLC d/b/a  )
   HBI INTERNATIONAL,              )
                                   )
         Defendant.                 )
                                   )
```

**MEMORANDUM OPINION AND ORDER**

Before me is a motion by defendant BBK Tobacco & Foods LLP, d/b/a HBI International ("HBI") to dismiss Count VI of the Second Amended Complaint (SAC) filed by plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. (together, "Republic"). Also before me is Republic's motion to strike certain allegations in the amended counterclaims filed by HBI. For the reasons below, HBI's motion is granted in part and denied in part, and Republic's motion is denied.

                               I.

This is a trademark dispute between two makers of cigarette rolling papers. Republic markets its rolling papers under the trademark "OCB"; HBI markets its papers and other products under the trademark "RAW." Republic initially sued HBI in this court

seeking a declaratory judgment that it had not infringed any trade dress rights that HBI may possess. It subsequently amended its complaint to include causes of action for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); common law unfair competition; and violation of the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), 815 ILCS 510/1 *et seq*.

After unsuccessfully moving to transfer the suit to Arizona, *see Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLC*, No. 16 C 3401, 2016 WL 6248187, at *4 (N.D. Ill. Oct. 26, 2016), HBI filed counterclaims against Republic for trademark infringement, 15 U.S.C. § 1114; false designation of origin, unfair competition, and false advertising under 15 U.S.C. § 1125(a); common law trademark infringement and unfair competition; federal copyright infringement; and violation of the IUDTPA.

Republic later amended its complaint a second time to include a claim for cancelation of HBI's Raw trademarks pursuant to 15 U.S.C. § 1119. The claim alleges that HBI's trademarks must be canceled because they are "used with goods that are marketed, promoted and sold for use with marijuana." SAC ¶ 81. HBI subsequently amended its counterclaims to include allegations that Republic's OCB papers are marketed for use with marijuana. Unlike Republic, however, HBI stopped short of asserting a claim for cancelation of Republic's mark.

HBI has moved to dismiss Republic's trademark-cancelation claim. In the alternative, it seeks leave to file an amended counterclaim seeking cancelation of Republic's trademark. Republic has filed a motion to strike the allegations in HBI's amended counterclaims regarding the marketing of its papers for use with marijuana.

## II. Trademark Cancelation

The Lanham Act provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. Republic argues that HBI's trademarks should be canceled on two grounds: (1) because the marks are used in unlawful commerce (i.e., they are used for the consumption of marijuana); and (2) because, by failing to disclose this information to the U.S. Patent and Trademark Office (USPTO) in its trademark applications, HBI obtained the marks through fraud. I consider each of these asserted bases for cancelation separately.

**A.   Unlawful Use in Commerce**

Courts have "held that only lawful use in commerce can give rise to trademark priority." *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 931 (9th Cir. 2014) (quotation marks

3

omitted); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1225 (10th Cir. 2000); *see also In Re Morgan Brown*, 119 U.S.P.Q.2d 1350 (T.T.A.B. July 14, 2016) ("We have consistently held that, to qualify for a federal service mark registration, the use of a mark in commerce must be lawful.") (quotation marks omitted). Thus, "any goods for which a mark is used must not be illegal under federal law." *In Re Jj206, LLC, DBA Juju Joints*, 120 U.S.P.Q.2d 1568 (T.T.A.B. Oct. 27, 2016) (quotation marks and ellipsis omitted). Where a trademark's use in commerce is not lawful, the mark may be canceled. *See, e.g., CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 634 (9th Cir. 2007) (cancelation of trademark was proper where product was mislabeled in violation of federal requirements).

Republic argues that the RAW marks violate the Controlled Substances Act (CSA), 21 USC § 801 *et seq*. Specifically, Republic contends that the goods sold under the RAW trademark constitute drug paraphernalia, which the CSA defines as "any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance." 21 U.S.C. § 863(d). The CSA sets forth a number of factors to be considered in determining whether an item constitutes drug paraphernalia,

including "national and local advertising concerning its use," "the manner in which the item is displayed for sale," and "expert testimony concerning its use." 21 U.S.C. § 863(e). In addition, the Act contains an exemption for "any item that, in the normal lawful course of business, is imported, exported, transported, or sold through the mail or by any other means, and traditionally intended for use with tobacco products, including any pipe, paper, or accessory." 21 U.S.C. § 863(f)(2).

As HBI points out, it has registered the RAW trademark for at least fifteen different products.[1] Neither Republic's complaint nor its response brief makes clear which of these products are at issue in Count VI. Some of the products -- such as HBI's rolling papers -- almost certainly fall within § 863(f)(2)'s exemption for products traditionally intended for use with tobacco products. Republic asserts that "many of the RAW products, including papers and other items described and

---

[1] These products include not only various types of rolling papers (e.g., processed and organic papers), but also rolling trays for cigarettes, cigars and herbs; cigarette filters and tubes; cigarette rolling machines; electric vaporizers, electronic cigarettes and tobacco pipes; cigar and cigarette lighters; shredders and grinders for tobacco and smokeable herbs; tobacco storage boxes; aromatherapy and scented candles; lanyards for holding keys, whistles, badges and other small objects; a processed "Cavendish pipe tobacco"; ceramic humidifiers for tobacco and herbs for smoking; and machines for injecting tobacco into cigarette tubes. *See* Def.'s Counterclaims, Ex. B.

depicted in the Second Amended Complaint, do not fall within the exemption and are illegal under federal law." *See* Pl.'s Resp. Br. at 2. In support of this claim, however, the only example Republic cites is of rolling papers that have been made into pre-formed "cones."[2] This example is inapt because HBI does not have a registered trademark for rolling paper cones. *See* Def.'s Counterclaims, Ex. B; *see also* Def.'s Reply Br. at 2.

Nevertheless, Republic identifies at least one HBI trademarked product -- a vaporizer -- that does not incontrovertibly fall under the exemption. In some contexts, vaporizers have been deemed drug paraphernalia. *Cf. In Re Jj206, LLC, DBA Juju Joints*, 120 U.S.P.Q.2d 1568 (T.T.A.B. Oct. 27, 2016) (affirming refusal to register trademark for use with marijuana vaporizing devices). Whether HBI's device constitutes drug paraphernalia is a factual question that cannot be resolved at the motion-to-dismiss stage. *See, e.g.*, *United States v. Assorted Drug Paraphernalia*, 90 F. Supp. 3d 1222, 1229 (D.N.M.

---

[2] According to Republic's response brief:

> A cone is a type of joint that is more conical than a typical joint or cigarette. The cone starts straight and thin but widens as the cone gets longer. A crutch or filter is often included and stops the weed from falling out of the bottom of the cone. It also stops resin from clogging the end of the joint shut.

Pls.' Resp. Br. at 3 n.1 (quoting https://www.coloradopotguide. com/marijuana-glossary/cone/).

2015) (denying summary judgment on forfeiture claim on the ground that genuine dispute of material fact as to whether scales and other items were drug paraphernalia within the meaning of § 863(d)). Because I cannot say as a matter of law that none of HBI's registered products violates the Controlled Substances Act, I deny HBI's motion to dismiss Republic's cancelation claim insofar as it is based on allegations that HBI's products are used in unlawful commerce.

**B.   Fraud**

Matters are different with respect to Republic's fraudulent procurement theory. Obtaining a trademark registration by supplying the USPTO with fraudulent statements is a basis for canceling the registration. *See, e.g.*, *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) ("A third party may petition to cancel a registered trademark on the ground that the registration was obtained fraudulently.") (quotation marks omitted). As Republic acknowledges, however, such claims are subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard. *See, e.g.*, *Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*, No. 13-CV-324 (RGA), 2016 WL 7410781, at *4 (D. Del. Dec. 22, 2016) ("Fraudulent procurement of a trademark is a ground for cancellation of an incontestable mark. Counterclaim XI is a fraud claim, so Rule 9(b) applies.") (citations omitted); *Canada Pipeline Accessories, Co. v. Canalta Controls, Ltd.*, No. CIV.A.

3:12-8448, 2013 WL 3233464, at *7 (S.D.W. Va. June 25, 2013) (applying 9(b) to claim seeking cancelation of trademark based on fraudulent procurement theory).

To comply with Rule 9(b), a "complaint must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (quotation marks omitted). These requirements are not met here. As already noted, Republic's complaint fails to identify which of HBI's products are at issue in its cancelation claim. In addition, Republic offers virtually no information about the nature of HBI's alleged misrepresentations. Republic does not allege that HBI made any affirmative false or misleading statement to the USPTO. Instead, it argues that "HBI concealed and did not disclose the fact that it markets, promotes and sells products, including RAW papers, primarily for use with marijuana," and that "[s]uch disclosure was necessary to avoid making the other statements made in the RAW trademark and copyright applications false, deceptive and misleading." SAC ¶ 82. But Republic offers no further information about the specific omissions and applications in question, and which omissions relate to which applications. Thus, for example, it is unclear whether Republic maintains that

HBI committed fraud in its applications by failing to disclose that the particular product at issue was used in unlawful commerce; or whether Republic contends that HBI committed fraud by failing to disclose in each of its applications (including applications for products lawfully used in commerce) that HBI markets other products that are allegedly used in unlawful commerce. *See* Resp. Br. at 8 ("Had HBI informed the USPTO that it would be applying its mark on some products used solely for use with marijuana, and that it was directly marketing other RAW products for use with marijuana, the application would have been rejected."). In short, Republic's fraud allegations fall short of Rule 9(b)'s particularity requirement. Insofar as Count VI is based on a fraudulent-procurement theory, therefore, HBI's motion to dismiss is granted.

### III. Motion for Leave to Amend

As noted above, after Republic filed its Second Amended Complaint, HBI amended its pleading to include allegations that Republic's OCB trademark is marketed for use with marijuana. Specifically, HBI alleges that Republic is owned by DRL Enterprises, Inc. ("DRL"), Am. Counterclaim ¶ 80, which was "attached" to a company called Adams Apple Distributing ("Adams Apple"), *id.* ¶ 83. The counterclaim cites various sources from the 1970s and '80s reporting that Adams Apple was a major seller of marijuana paraphernalia. *Id.* ¶¶ 83-86. HBI thus asserts that

9

"the roots of [HBI's] business involved in the marketing and sale of marijuana paraphernalia." *Id*. ¶ 87. HBI also cites current examples of ways in which, particularly through Vanilla LA, Republic's primary or exclusive distributor, Republic's OCB rolling papers are marketed for use with marijuana. *Id*. ¶¶ 88-105.[3]

As noted previously, HBI refrained from asserting a cancelation claim against Republic. Given its primary contention that Republic's cancelation claim failed as a matter of law, asserting such a claim would have been problematic. However, HBI's motion requests in the alternative that, if its motion to dismiss is denied, it be allowed to assert a cancelation claim of its own. Republic has cast the first stone by raising allegations regarding the marketing and use of HBI's products with marijuana. As a matter of parity, there is no reason why HBI should not also be allowed to respond in kind.

Republic argues that HBI should be denied leave to amend because the January 15, 2017 deadline I previously set for HBI to amend its pleadings has passed. Republic points out that during a hearing on a separate motion on February 10, 2017, I

---

[3] Whereas Republic's cancelation claim was purportedly based both on the claim that HBI's products themselves were unlawful and that HBI fraudulently procured the registrations by failing to inform the USPTO of the illegal use, HBI's cancelation counterclaim appears to be based solely on a fraud theory.

stated that no further counterclaims would be permitted. However, HBI filed its motion for leave to amend prior to January 15, 2017 deadline, and it attached its proposed amended counterclaim as an exhibit to the motion. Hence, this is not a case of dilatory conduct on HBI's part. HBI did not file the amended counterclaim prior to the deadline only because of its doubts regarding its legal basis.[4]

Republic argues that by not filing the amended counterclaim prior to the deadline, HBI is requesting what amounts to an advisory opinion. I disagree. HBI has not sought a ruling concerning the viability of its proposed counterclaim based on a merely abstract or hypothetical set of facts. It is asking for leave to file the counterclaim in light of my ruling on the concrete legal issue presented in its motion to dismiss. There is nothing improper about a party seeking leave to amend its pleading under these circumstances.

---

[4] Nonetheless, HBI is incorrect in asserting, based on a minute entry dated January 18, 2017, *see* Doc. No. 60, that I in fact previously granted it leave to file an amended counterclaim. The minute entry in question granted HBI leave only to *supplement its motion* to file an amended counterclaim. *Id.* ("Defendant's Motion for Leave to Supplement Motion for Leave to File a Counterclaim After January 15, 2017 Deadline [57] is granted.").

I therefore grant HBI's motion for leave to file an amended counterclaim seeking cancelation of Republic's OCB trademark registrations.[5]

### IV. Motion to Strike

In a separate motion of its own, Republic moves to strike HBI's allegations concerning the marketing and use of the OCB trademark in connection with marijuana. Under Fed. R. Civ. P. 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." According to Republic, the allegations in question are irrelevant because HBI has not asserted a counterclaim for trademark cancelation. In addition, Republic argues that HBI's allegations concerning DRL and Adams Apple are irrelevant because they are based on reports that are decades old. It contends that the allegations regarding current promotion of OCB rolling papers in connection with marijuana are irrelevant because they involve the actions of Vanilla LA, not Republic.

In light of my ruling giving HBI leave to amend, this contention fails. Even without that conclusion, however, I would not be inclined to grant the motion to strike. As has frequently been observed, motions to strike "propose a drastic remedy and

---

[5] Because DRL Enterprises is the parent company and is a necessary party for purposes of its trademark cancelation claim, I grant HBI's request to add DRL Enterprises as a counter-defendant.

generally are not favored because they delay proceedings." *Uncommon, LLC v. Spigen, Inc.*, No. 15 C 10897, 2016 WL 3997597, at *6 (N.D. Ill. July 26, 2016). "[C]ourts routinely deny motions to strike 'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *F.D.I.C. v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013) (Charles A. Wright and Arthur R. Miller, 5C Federal Practice and Procedure § 1382 (3d ed. 1998)); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009) ("[A] reviewing court ordinarily will not strike a pleading unless the court can confidently conclude that it is prejudicial to the objecting party."). Even without the cancelation claim, HBI makes a colorable argument that the allegations are relevant to its trade dress and unfair competition counterclaims. In addition, Republic has made no attempt to show that it will suffer any prejudice if the allegations are not stricken. Accordingly, Republic's motion to strike is denied.

## Conclusion

For the reasons discussed above, HBI's motion to dismiss is granted in part and denied in part, and its motion for leave to assert an additional counterclaim is granted. Republic's motion to strike is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 18, 2017