IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REPUBLIC TECHNOLOGIES (NA), )
LLC and REPUBLIC TOBACCO, L.P., )
 )
  Plaintiffs, )
 )  **No. 16 CV 3401**
 )
v. )
 )  **Judge Elaine E. Bucklo**
 )
BBK TOBACCO & FOODS, LLP )  **Magistrate Judge Sidney I. Schenkier**
d/b/a HBI INTERNATIONAL, )
 )
  Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Republic Technologies, (NA) LLC and Republic Tobacco, L.P. (collectively, "Republic") have brought a motion for sanctions pursuant to Fed. R. Civ. P. 37, asking that we sanction defendant, BBK Tobacco & Foods, LLP, d/b/a HBI International ("HBI"), for allegedly committing certain discovery violations related to its identification of the source of rolling papers and other tobacco products that HBI offers for sale (doc. # 518). For the following reasons, we deny plaintiff's motion for sanctions.

## I.

Republic, a distributor of cigarette rolling paper and paper booklets, sued its competitor HBI, also a distributor and seller of cigarette rolling papers and booklets, for, among other things, falsely advertising that it sold organic hemp tobacco rolling papers and that its papers were the world's only, and/or first, organic rolling papers (doc. # 47: Second Amended Complaint ("SAC") ¶¶ 6, 46, 49-50). Plaintiffs contend that HBI has made false assertions, in its advertising and elsewhere, about the composition and makeup of some of its RAW brand rolling papers, about

where they are manufactured, and whether they are organic (SAC ¶ 46). As part of their attempt to prove that defendant has misrepresented these characteristics of its rolling papers, plaintiffs sought discovery related to the sources of the paper HBI uses to make its products. For purposes of this motion, at issue are defendant's: (1) response to Interrogatory 16, which asked defendant to identify the entity or entities that have manufactured HBI's RAW-brand rolling papers, including the supplier of all components, for the years 2007 to the present; (2) response to Document Request 64, which asked defendant to produce purchase orders, contracts, and documents showing the manufacturers of the paper stock used to make defendant's organic hemp rolling papers; and (3) defendant's Rule 30(b)(6) testimony.

On August 22, 2017, in response to plaintiffs' motion to compel, this Court ordered defendant to further respond to Interrogatory 16 and Document Request 64 (doc. # 173).[1] On September 22, 2017, defendant responded to Interrogatory 16 by stating under oath that, for all RAW Organic Hemp rolling papers, "for the time period of 2009 to the present, SWM-Papeteries de Saint-Girons, France ("SWM") has produced the organic hemp paper for these products and shipped rolls of that paper to Iberpapel S.L., Spain" [for further processing] (doc. # 518: Pl. Mem. in Support of Mot. for Sanctions at 3 and Exh. 3).[2]

HBI reiterated its sworn statement that SWM was the sole source of its organic hemp rolling paper from 2009 onward on two more occasions. On October 23, 2017, HBI's Managing Director, Craig Colvard, testified as HBI's Rule 30(b)(6) witness that, since the time RAW organic

---

[1] At that hearing, the Court ruled that only information regarding defendant's RAW organic hemp papers was at issue with respect to the motion to compel, not defendant's so-called "RAW-classic" line of papers. (Pl. Mem., Exh. 1 at 15).

[2] Interrogatory 16 asked for information about the source of HBI's paper going back to 2007. HBI responded that it did not begin selling RAW brand rolling paper in the United States until 2009, and thus, its response included information for 2009 and beyond.

hemp paper was introduced into the market, only SWM had manufactured that paper for defendant (doc. # 518: Pl. Mem., Exh. 6 at 42-44). Thereafter, on November 28, 2017, Republic took a Rule 30(b)(6) deposition of SWM, whose designee testified that the first time SWM sold organic hemp paper to IberPapel (the company that used such paper to manufacture rolling papers for HBI) was on March 18, 2011 (Pl. Mem., Exh. 9 at 7-8, 12). Nonetheless, on January 26, 2018, during a second Rule 30(b)(6) deposition of HBI, its Chief Operating Officer, Matt Colvard (Craig Colvard's brother), reiterated HBI's earlier testimony that the only supplier HBI had for its organic hemp paper from 2009 on was SWM (Pl Mem., Exh. 8 at 7).

Other than for a few exceptions not relevant here, fact discovery closed in February 2018 (doc. ## 239, 256: scheduling orders). On June 1, 2018, Republic filed a motion for summary judgment against HBI on its false advertising claims, which were set out in Counts III, IV, and V of the SAC, and on HBI's allegation of false advertising by Republic, set out in Count III of its Second Amended Counterclaim (doc. # 397). As part of its argument that, beginning in 2009, HBI falsely advertised it was the "only" and "first" seller of organic hemp rolling papers, Republic argued that, despite HBI's statements that SWM was always its only source of organic hemp paper, SWM testified that it did not sell organic hemp paper to HBI until March 2011 (Pl. Mem. in Support of Summ. J. at 5-6). Thus, Republic argued that at a minimum, any representation by HBI that prior to 2011 that its rolling papers were made of organic hemp paper were demonstrably false (Mem in Support of Summ. J. at 11).

In its response to plaintiffs' motion for summary judgment, HBI attempted to counter this evidence by asserting that "Republic is well aware that SWM/Schweitzer has not made HBI's rolling papers at all times. In fact, in the early days the paper was supplied to IberPapel by Delfort" (doc. # 469: Def. Resp. to Rule 56.1 Statement at 10). HBI cited two pieces of evidence in support

of this statement. *First*, during his individual testimony on August 30, 2017, and again during his testimony as Republic's Rule 30(b)(6) witness, Seth Gold -- a Republic employee -- testified that it was "common knowledge" that the rolling paper HBI sold was "off-the-shelf" paper manufactured by either SWM or a company called Delfort, and that it was not organic hemp paper made especially for HBI (Pl. Mem., Exh., 12 at 75, 77; Def. Resp. to Pl. 56.1 Statement, Exh. 10 at 36, 49). *Second,* HBI cited a 2014 email between Mr. Parceveaux of plaintiffs' affiliate Republic Technologies and Republic's CEO Mr. Levin that references the company Delfort and the belief that it made paper for HBI (*Id.*). HBI did not cite to any sworn testimony of its own witnesses or to any records from its own files to show that Delfort (or anyone else) supplied HBI with the rolling papers at issue prior to 2011.

## II.

Federal Rule Civ. P. 37(b)(2)(A) authorizes a court to impose sanctions if a party fails to comply with a discovery order. Such sanctions may include: (1) directing that the matters that were part of the original order be established as fact; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters into evidence; (3) striking pleadings; and other, more serious sanctions up to the rendering of a default judgment against the disobeying party.

Rule 26(e) requires a party to supplement or amend in a timely matter its initial disclosures, discovery responses, or interrogatory answers if it learns that information previously disclosed or an earlier discovery response is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A). To promote compliance with this requirement, Rule 37 provides that a party that fails to make this required supplementation is not allowed to use that

information "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

Republic's motion asks that we impose sanctions on HBI for disobeying the August 22, 2017 discovery order, specifically, for failing to ever identify Delfort as a supplier of its paper. To be clear: as fact discovery (which is long closed) stands, HBI responded to Republic's Interrogatory 16 with the sworn statements that since 2009, its sole source of materials for its organic hemp paper has been SWM. HBI does not assert that it has produced any documents from its own files to the contrary. Indeed, HBI doubled down on its sworn assertion in response to Interrogatory 16 in its Rule 30(b)(6) testimony offered by two different corporate representatives. To this date, HBI has never attempted to supplant or amend the discovery responses or its Rule 30(b)(6) testimony to *affirmatively* assert that it obtained the rolling paper at issue from any source other that SWM between 2009 and 2011.

That said, without offering its own sworn statement or testimony to revise these responses, HBI has attempted to create an issue of material fact on summary judgment by citing to testimony by Mr. Gold from Republic and to the internal 2014 Republic email that states Republic's belief that a second company, Delfort, supplied the materials for its organic hemp paper prior to 2011. Plaintiffs argue that defendant's failure to identify Delfort as the source of materials for its paper in HBI's discovery responses warrants discovery sanctions here. While HBI's tactic is curious, as we explain below, this Court disagrees that Republic has raised a discovery matter that properly forms the basis for sanctions.

Rule 26(e)(1)(A) requires supplementation where the information in question has not otherwise been made known "during the discovery process." Here, the information HBI seeks to use on summary judgment was known to Republic during the discovery process: it is testimony by

Republic's own employee as Rule 30(b)(6) witness, and a document that Republic itself produced. HBI has not sought to use in summary judgment documents that were not produced in discovery. Nor has HBI offered a sworn statement by its own representative to "correct" its sworn discovery responses (in Interrogatory 16 and through two Rule 30(b)(6) witnesses) that no one other than SWM supplied the rolling papers at issue since 2009. Thus, we find that HBI's conduct does not present a matter for sanctions under the rules of discovery.

Had HBI sought to defeat summary judgment by amending its response to Interrogatory 16 or offered its own declaration to contradict its Rule 30(b)(6) testimony, that would present a different matter. We would be hard-pressed (to put it mildly) to find that any such attempted supplementation was timely. When HBI gave its sworn response to Interrogatory 16 on September 22, 2017, saying SWM was its only source of the paper at issue since 2009, it knew of Mr. Gold's August 30, 2017 testimony that it was "common knowledge" that HBI got its paper from SWM *or* Delfort. In the face of that testimony, HBI's interrogatory response planted the flag on SWM being the sole source of its paper since 2009. HBI reiterated that position again in Rule 30(b)(6) testimony on October 23, 2017. And it did so again in Rule 30(b)(6) testimony on January 26, 2018 – *after* SWM testified that it supplied paper to HBI only since 2011. Any attempt to amend those discovery responses now, long after fact discovery has closed and during the pendency of a summary judgment motion, hardly could be treated as a supplementation made in a "timely manner," as required by Rule 26(e)(1)(A). Likewise, this foregoing sequence of events that preceded HBI's Rule 30(b)(6) testimony would make it nigh-unto-impossible for HBI to show good cause to try to walk back that Rule 30(b)(6) testimony with a declaration. *e.g., Kalis v. Colgate-Palmolive Company*, 231 F.3d 1049, 1055 (7th Cir. 2000).

While we find that HBI has not engaged in sanctionable discovery conduct, we close by commenting on the peculiar conduct by HBI that led to this motion. In its summary judgment papers, HBI has engaged in a tactic that is, in our view, "too cute by half." HBI's citation to the Gold testimony and the Republic email seeks to avoid the difficulties HBI would face had it affirmatively offered its own statements or documents to contradict HBI's sworn statements as to the source of its paper. We can say with confidence that we have never before seen a party attempt to create a dispute of fact on summary judgment by citing its opponent's statements in an effort to argue that its own sworn statements should not be accepted. Whether HBI's evidence may be considered on summary judgment, and if so, whether that evidence creates a *genuine* issue of material fact with respect to the source of defendant's papers in issue, are matters to be resolved on summary judgment and not in the context of a motion for discovery sanctions.

## CONCLUSION

For the above reasons, we deny plaintiffs' motion for Rule 37 sanctions (doc. # 518).

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: November 20, 2018**