**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO, L.P.,

Plaintiffs,

vs.

BBK TOBACCO & FOODS, LLP d/b/a HBI INTERNATIONAL,

Defendant.

Case No. 16-cv-03401

Judge Elaine Bucklo

**REPUBLIC'S MOTION *IN LIMINE* NO. 3**

**Enforcing the Court's August 22, 2017 Order**
**Arising From HBI's Stipulation That Its Infringement Claims**
**Are Limited to The RAW Organic Hemp Line of Products.**

Plaintiffs Republic Technologies (NA) LLC and Republic Tobacco, L.P. (collectively "Republic") request that the Court grant this motion prohibiting HBI from introducing evidence or argument contrary to the Court's August 22, 2017 Order and HBI's stipulation.

## I. HBI's Stipulation and the Court's August 22, 2017 Order

On August 22, 2017 HBI stipulated in open court that its infringement claims would be limited to its RAW Organic Hemp line of products. Ex. 1, 8/22/17 Tr. at 12. Republic seeks enforcement of that stipulation and Court order through this motion and seeks an order prohibiting HBI from introducing evidence or argument of infringement relating to the RAW "Classic" line of products or any other line offered by HBI.

The Stipulation was reached in open Court during a hearing on one of Republic's motions to compel production of documents. Ex. 1, 8/22/17 Tr. 12-16, 25; Ex. 2., 8/22/17 Minute Order. To limit discovery, HBI informed the Court that "just to be clear, you honor, we are not asserting infringement of the [RAW®] Classic. We are – our claim on infringement is based on infringement of the [RAW] organic hemp product." Ex. 1, 8/22/17 Tr. at 12:14-16.

HBI was unequivocal with the Court and Republic: HBI limited its claim to RAW Organic Hemp products and would not include the RAW Classic line:

COURT: What you are saying is that your counterclaim in no way seeks to assert infringement or seek damages with respect to the defendant's [RAW®] [C]lassic line of products.

HBI: Well, our [RAW] classic line of products, correct.

COURT: Yes. The defendant's classic line of products.

HBI: Correct. Correct, your honor.

COURT: And [Republic] can take that to the bank?

HBI: Yes.

****

COURT: So given that – and I'll call that a stipulation on the record – you disagree?

HBI: No.

COURT: Okay. It seems to me – and given how I read the allegations in the complaint, I do think that the information we are talking about in the motion [to compel] should be limited to the defendant HBI's [RAW®] organic hemp line.

Ex. 1, 8/22/17 Tr. at 14:14-23, 15:9-15:13.

The Court summarized its rulings and the stipulation stating that based on HBI's "stipulation on the counterclaim that you [HBI] are not seeking liability or damages for infringement for non-organic products" it was limiting discovery to organic products. Ex. 1 at 25:9-14; *see also* Ex. 2 (minute order that "limit[ed] the scope of all the discovery requests at issue to organic hemp products marketed by defendant, based on the Court's reading of the complaint and the stipulation on the record by HBI that its counterclaim does not seek recovery based on any of its products that are not marketed as organic.").

Despite the Court's August 22, 2017 Order and HBI's stipulation, HBI has included as trial exhibits twenty-one copyrights and trademark registrations for its Classic and other non-organic hemp products. Attached as Exhibit 3 is a list of the HBI trial exhibits that are not specific to its organic hemp line.[1]

## II. Four Non-Organic Hemp Copyrights

HBI has identified four copyrights that are used to market its Classic or other non-organic products that it intends to rely upon at trial in violation of the Order and Stipulation. First, it identifies TX 6-626-247, titled "RAW Packaging." *See* Defendant Trial Exhibit ("DX") 1002. One look at the design submitted to the copyright office makes it clear that this is part of the classic

[1] HBI has identified four copyrights and trademark registrations pertaining to its Organic Hemp products. Ex. 4, DX_165 ("RAW Organic Hemp 1 and ¼ Individual Package"); DX_166 ("RAW Organic Hemp 1 and ¼ 24 Pack Box"); DX_57 ("RAW Organic Hemp 5-box packaging"); and DX_344 (trademark showing "Organic Hemp" 24-box). These four registrations are not the subject of this motion *in limine* as each of those specifically relates to the Organic Hemp line.

line of products:




Ex. 5; *see also* ECF 412 at ¶11. The design says "Classic" in the upper left-hand corner and it includes the statement "Natural Unrefined Rolling Papers" directly below the word "RAW", a phrase HBI uses only for its classic line of products. In contrast, HBI inserts the word "hemp" when it refers to the organic hemp product line: "Natural Unrefined ***Hemp*** Rolling Papers."[2] Furthermore, the copyright was registered in 2007, two years before HBI introduced organic hemp into the market. It should be excluded from evidence.

Second, HBI has identified TX 6-539-144, titled "RAW Advertisement." *See* DX 25. Like the copyright above, this relates to HBI's non-organic hemp products. Ex. 7; *see also* ECF 412 at ¶12. It makes no reference to organic or hemp products, which is no surprise considering that this copyright also issued before introduction of the Organic Hemp products as seen below:

[2] HBI alleges in its Second Amended Counterclaims that the packaging for HBI's Classic product line "is unique … with elements and features that include the following … (e) the phrase "NATURAL UNREFINED ROLLING PAPERS" on an angle beneath the three-letter word 'RAW'." Ex. 6, Excerpts from HBI Second Amended Counterclaims at ¶20 and ¶20(e). In contrast HBI uses the phrase "NATURAL UNREFINED **HEMP** ROLLING PAPERS" in the same location for its Organic Hemp products. *Id.* at ¶24 and ¶24(e).




Moreover, HBI did not allege in its Second Amended Counterclaims that this copyright was at issue and failed to disclose this copyright in response to the plain interrogatory asking HBI "Do you contend that Plaintiffs have infringed any HBI Copyrights? If so, identify each copyright infringed." Ex. 8, HBI Resp. to Republic's Interrogatories 3-5 at p.5.[3]

Third, HBI intends to rely upon copyright VA 1-961-857, titled "RAW Rolling Mat Individual Package." Ex. 9, DX 1566. This again is unassociated with the RAW Organic Hemp line of papers as it makes no reference to "organic," "hemp," or "Natural Hemp Rolling Papers" as evidenced by the submission on file with the copyright office:

[3] Rather than simply identify the copyrights at issue in response to the interrogatory, HBI stated under oath that all of the copyrights at issue were identified in Paragraphs 37-38 and 44 of its Second Amended Counterclaims and Exhibit B, none of which identified this copyright. Ex. 8.




Like the copyright above, this should be excluded for the additional reason that HBI did not assert infringement in its complaint nor did it disclose this copyright in response to the interrogatory asking HBI "identify each copyright infringed" in this case. Ex. 8, HBI Resp. to Republic's Interrogatories 3-5 at p.5.

Fourth, HBI states that it intends to rely upon copyright VA 1-988-094, titled "RAW Wooden Sign." Ex. 10, DX 545. This sign describes the RAW Classic papers, which state that the papers are "natural unrefined rolling papers" (the phrase HBI uses ***solely*** on the packaging of its Classic papers). Likewise, the sign references "purest natural fibers" – a further reference used in connection with HBI's classic product line.[4]

[4] HBI admits that it uses the phrase "purest natural fibers" on its RAW® Classic papers and products. *See* Ex. 6, HBI Second Amended Counterclaims at ¶20 and ¶20(d). In contrast, HBI uses the phrase "purest natural **hemp** fibers" with its Organic Hemp products and packaging. *Id.* at ¶24 and ¶24(d) (emphasis added).




## III. Seventeen Non-Organic Hemp Trademarks

HBI has also listed seventeen trademark registrations for its RAW® Classic products as trial exhibits. *See* Ex. 3 (list of HBI trial exhibits with RAW® Classic or other non-organic hemp trademark registrations). None of these trademarks reference the RAW® Organic Hemp products at issue in this case, as evidenced by the absence of any reference to "organic," "hemp," "hemp fibers," "hemp rolling papers," or anything else unique to the RAW® Organic Hemp line of products. Instead, each consists of a generic reference to "RAW." They say nothing about "HBI's organic hemp line." Ex. 1, 8/22/17 Tr. at 15:13.

In addition to being excluded from evidence pursuant to the August 22, 2017 Order and Stipulation, many of these registrations should be excluded for the additional reason that they have nothing to do with HBI rolling papers or with products sold by Republic: DX 360 is a registration for the word "RAW" for use with scented candles; DX 124 is likewise for use with electronic cigarettes and vaporizers; and DX 130 is for cigar lighters.

## IV. Enforcement of the August 22, 2017 Order and Stipulation

All of the above copyrights and trademark registrations pertain solely to RAW® Classic products or other products not marketed as organic that HBI

stipulated were not at issue. "Stipulations regarding the nature of trial proceedings are crucial to the prompt and efficient disposition of litigation" and they are routinely enforced. *Central States, Se. & Sw. Areas Pension Fund v. Koder,* 969 F.2d 451, 455 (7th Cir.1992); *see also Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 925 (7th Cir. 2015) (enforcing stipulation); *Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1206 (7th Cir.1989) (enforcing stipulation); *see also Maldonado v. Stinar*, No. 08 C 1954, 2010 WL 3075680, at *1 (N.D. Ill. Aug. 5, 2010) (the Court granted various Motions *in Limine* in light of the parties' stipulations). Stipulations are deemed binding "unless relief is necessary to prevent manifest injustice or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." *Central States* at 455.

Here, this stipulation (and the order) resulted from a calculated decision by HBI to avoid discovery by narrowing its claims. The stipulation was discussed at length during the August 22, 2017 hearing and the Court's corresponding minute order. Ex. 2, 8/22/17 Order (referring to the "stipulation on the record by HBI that its counterclaim does not seek recovery based on any of its products that are not marketed as organic.") At no time has HBI challenged the stipulation, sought relief from the stipulation, or otherwise suggested that the Court's order was erroneous. Accordingly, Republic seeks enforcement of the stipulation.

## CONCLUSION

Republic respectfully requests that the Court grant its motion *in limine* No. 3 to enforce the Courts August 22, 2017 Order and HBI's Stipulation and to:

(i) Prohibit the introduction of argument or evidence pertaining to non-organic hemp copyrights including DX 1002 (TX 6-626-247), DX 25 (TX 6-539-144), DX 1566 (VA 1-961-745), DX 1566 (VA 1-961-857); DX 545 (VA 1-988-094);

(ii) Prohibit the introduction or argument or evidence of infringement of RAW® trademark registrations not pertaining to the RAW® Organic Hemp line of rolling papers (including but not limited to those identified in Ex. 3);

(iii) Prohibit all other references to trade dress, advertising, and marketing materials other than RAW® Organic Hemp trade dress in pursuing its infringement claims;

(iv) Fully enforce the Court's August 22, 2017 Order and Stipulation; and

(v) Provide such additional or alternative relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 12, 2019

REPUBLIC TECHNOLOGIES (NA), LLC
REPUBLIC TOBACCO, L.P.,

By: /s/ Matthew D. Tanner
One of Their Attorneys

Charles S. Bergen (ARDC #6186595)
Peter S. Roeser (ARDC #6257273)
Matthew D. Tanner (ARDC #6202508)
**ROESER TANNER & GRAHAM LLC**
Two North Riverside Plaza, Ste. 1850
Chicago, IL 60606
(312) 300-2525
cbergen@rtglaw.com
mtanner@rtglaw.com
cbergen@rtglaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2019, a copy of the foregoing was served on counsel of record by electronic means pursuant to the Court's Electronic Case Filing system.

/s/ Matthew D. Tanner