UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>BBK TOBACCO & FOODS, LLP d/b/a HBI INTERNATIONAL,<br><br>Defendant. | Case No. 16 C 3401<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant HBI's Application under 28 U.S.C. § 1782 for an Order to Take Discovery for Use in a Foreign Proceeding [677]. The question presented before this Court is whether Defendant employed the correct procedure in seeking discovery of documents for a litigation in Germany. For the reasons and to the extent stated below, Defendant's Application under 28 U.S.C. § 1782 [677] is denied.

## Background

This case involves a trademark battle over the packaging and advertising for organic hemp cigarette rolling papers. Plaintiff Republic makes and distributes cigarette paper booklets under the OCB brand name, whereas Defendant HBI markets and distributes rolling papers under the RAW brand name. *Id.* Doc. [609] at 3, 6. In 2009, HBI introduced its RAW Organic Hemp cigarette rolling papers in the United States. *Id.* at 6. Republic subsequently introduced its competing OCB Organic Hemp papers in the United States in 2014. *Id.* Following Republic's launch, HBI asserted that the packaging design for the OCB Organic Hemp Papers was so similar to HBI's that consumers would be confused about whether the organic hemp papers were HBI

1

papers. *Id.* at 7.  HBI further claimed that Republic's packaging and advertising for its OCB Organic Hemp papers copied HBI's RAW Organic Hemp packaging and advertising, which are covered by HBI's copyright. *Id.*

Republic disagreed and initiated the present lawsuit, asking for a judgment that the OCB Organic Hemp packaging and advertising does not violate any rights HBI has in its packaging and advertising designs. Doc. [609] at 7.  In addition to seeking a declaration, Republic brings claims against HBI for: false and misleading statements to the public in violation of federal law; deceptive trade practices in violation of state law; and unfair competition in violation of state law. *Id.* at 4-5.  In turn, HBI brings five counterclaims against Republic: (1) trade dress infringement; (2) false designation of origin and unfair competition; (3) deceptive trade practices in violation of state law; (4) state common law trademark and unfair competition; and (5) copyright infringement. *Id.* at 8.

## **Discussion**

HBI moves the Court for an order to take discovery for use in a foreign proceeding, pursuant to 28 U.S.C. § 1782.  According to HBI, Republic has produced documents in this litigation regarding the ingredients of the OCB papers that are directly relevant to a case pending in Germany. Doc. [685] at 3.  In the German litigation, a cigarette rolling paper trade group sued HBI Europe GmbH (HBI's European affiliate) and HBI's CEO for unfair competition and false statements regarding competitor ingredients. *Id.* at 3.  HBI claims that because Republic is not a party to the German case, and because Republic is not present in Germany, HBI Europe will not be able to obtain the Republic ingredient papers in the German proceedings. *Id.* at 3-4.  HBI additionally acknowledges that the already-produced ingredient documents were designated as "Confidential" or "Highly Confidential" under the protective order in this case, meaning that HBI

is not authorized to use the documents in another litigation, and that the review of the ingredients documents is largely limited to HBI's outside counsel. *Id.* at 2.

The Court finds that HBI has failed to follow the proper procedure to seek relief under 28 U.S.C. § 1782. In this Court's view, HBI's application for foreign discovery should have been filed as a separate action, and not as a discovery motion[1] in the present litigation. Specifically, the legislative history of Section 1782, the immediate appealability of a Section 1782 order, and the relatedness—or lack thereof—between HBI's request for foreign discovery and the present litigation, inform the Court's decision.

## I.    Legislative History of 28 U.S.C. § 1782

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In 1855, the precursor-act to Section 1782 enabled foreign tribunals to send letters rogatory,[2] which were forwarded to American courts through diplomatic channels. *Id.* (citing Act of Mar. 2, 1855, ch. 140, § 2, 10 Stat. 630). Section 1782, codified in 1948, "substantially broadened the scope of assistance federal courts could provide for foreign proceedings" by "eliminat[ing] the prior requirement that the government of a foreign country be a party or have an interest in the proceeding." *Id.* at 247-48. In 1964, Section 1782's assistance to foreign tribunals was expanded, allowing the discovery of documentary and other tangible evidence in addition to testimony. *Id.* at 248. The 1964 amendments further allowed the request of discovery from any "interested person," who the

---

[1] Although HBI has captioned its document as an "Application," the procedural posture and docket indicate that HBI has filed its document as a motion.

[2] A letter rogatory "denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

3

legislative history stated could be a "person designated by or under a foreign law, or a party to the foreign or international litigation." S. Rep. No. 1580, 88th Cong., 2d Sess. (1964), reprinted in 1964 U.S.C.C.A.N. 3782, 3789. In the most recent amendment from 1996, the scope of Section 1782 was once more enlarged, this time to encompass discovery for foreign criminal investigations conducted before formal accusation. *Intel*, 542 U.S. at 249.

As a result of the preceding legislative expansions, Section 1782(a) now broadly empowers a district court to order many types of discovery for use in various foreign proceedings, upon receiving a letter rogatory, a request by a foreign or international tribunal, or upon the application of any interested person:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). From its far-reaching text and legislative history, it is clear that Section 1782's "twin aims are 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *In re*

4

*Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1025–26 (N.D. Ill. 2006) (citation omitted). Put another way, Section 1782 was designed to provide U.S. federal-court assistance, in the form of an order of discovery, to persons involved with foreign litigation.

The problem here is that HBI's motion for discovery under Section 1782 in the present litigation does not really fit the purpose of Section 1782, nor does it follow the procedure contemplated by the statute. Under Section 1782, a litigant in a foreign proceeding or "interested person" initiates a discrete action in a United States District Court, for the order of discovery to be used in a foreign proceeding. *See, e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591 (7th Cir. 2011) (litigant in foreign lawsuit initiating Section 1782 action in U.S. District Court); *Kestrel Coal Pty. Ltd. v. Joy Glob.*, Inc., 362 F.3d 401 (7th Cir. 2004) (same); *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 WL 3386115 (N.D. Ill. Aug. 7, 2017) (same); *In re Application of LPKF Laser & Elecs. AG for an Order to Conduct Discovery for Use in a Foreign Legal Proceeding Pursuant to 28 U.S.C. § 1782*, No. 14-CV-1616, 2015 WL 228063 (N.D. Ill. Jan. 14, 2015) (same); *In re Application of High Point SARL for an Order to Conduct Discovery for Use in a Foreign Legal Proceeding Pursuant to 28 U.S.C. 1782*, No. 11 C 1892, 2011 WL 2297657 (N.D. Ill. June 8, 2011) (same).

In this case, HBI, an American litigant before this Court, has filed a Section 1782 motion in an ongoing American proceeding, requesting that this Court order that the highly confidential documents subject to the Court's protective order be *reproduced* to HBI's European affiliate, who *had been sued* in Germany in 2018.[3] Doc. [698] at 6. In this way, HBI's application is not a request for new discovery by a person involved in a foreign litigation, but rather a request by a party

---

[3] Because the Court finds that HBI failed to follow the proper procedure, the Court does not reach the merits of HBI's Section 1782 motion.

involved in U.S. litigation to circumvent an American protective order, so that it can share old discovery with its European affiliate. HBI's application aims to bypass an American confidentiality order, not facilitate our country's cooperation with foreign adjudicative bodies. HBI's Section 1782 application therefore does not match the purpose of Section 1782 and is really a mislabeled motion to modify the Court's protective order.

## II. Immediate Appealability

The procedure of initiating a separate action under Section 1782 is not a meaningless formality. Instead, HBI's decision to file for Section 1782 relief as a discovery motion in this litigation could impact the immediate appealability of the Court's decision, as evidenced by the Seventh Circuit's holdings in *Kestrel Coal Pty. Ltd. v. Joy Glob., Inc.*, 362 F.3d 401 (7th Cir. 2004) and *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550 (7th Cir. 2018) [hereinafter *Heraeus II*].

In *Kestrel Coal*, the plaintiff, an Australian corporation, brought a breach of contract suit in the Supreme Court of Queensland against Joy Global, Inc., a corporation located in Milwaukee, Wisconsin. 362 F.3d at 402. After the Supreme Court of Queensland denied the plaintiff's request to require Joy Global's subsidiaries to hand over certain documents, the plaintiff commenced a Section 1782 proceeding in the Eastern District of Wisconsin. *Id.* at 402-03. The district court there granted the plaintiff's Section 1782 application and ordered that Joy Global acquire and turn over each document requested by the plaintiff. *Id.* at 403. Joy Global moved to stay the district court's order and appealed the court's decision. *Id.* On appeal, the plaintiff argued that the Seventh Circuit lacked jurisdiction because the district court's order under Section 1782 was not a final decision. *Id.* The Seventh Circuit disagreed, holding, "[o]rders such as this, like orders enforcing subpoenas, are final and appealable because they dispose of all issues in the proceeding." *Id.* In support of its holding, the Seventh Circuit cited to two Section 1782 cases and *EEOC v. Sidley Austin Brown &*

6

*Wood*, 315 F.3d 696 (7th Cir. 2002), which involved the EEOC's application to the district court for the enforcement of a subpoena duces tecum issued during an investigation. The Seventh Circuit's decision in *Kestrel Coal* thus instructs that orders in discrete actions, such as actions under Section 1782 and actions to enforce subpoenas, are final and appealable because such orders dispose of all of the issues in the proceeding.

The *Kestrel Coal* reasoning was largely reinforced by the Seventh Circuit in *Heraeus II*. In *Heraeus II*, the plaintiff, a German medical device manufacturer, initiated a Section 1782 action in the Northern District of Indiana to obtain discovery for use in its German trade secret misappropriation lawsuit. 881 F.3d at 553-54. The district court granted the Section 1782 application and ordered the discovery, subject to a series of stipulated protective orders. *Id.* at 554. After achieving victory in Germany, the plaintiff moved on three separate occasions to modify the protective orders in the Section 1782 action, so that the plaintiff could protect its trade secrets and use certain documents in other international litigation. *Id.* The district court denied all three motions, and the plaintiff appealed. *Id.* On appeal, the defendants-appellees argued that, because the district court's three Section 1782 discovery orders were final and immediately appealable, the time had passed for the Seventh Circuit to rule on the first two Section 1782 discovery orders made by the district court. *Id.* at 560. The plaintiff maintained that the two "underlying orders were not final, and thus not immediately appealable, because they 'did not fully and finally resolve the dispute over the use of and restrictions upon the Cited documents, but instead . . . contemplated further action by the parties and the court.'" *Id.* The Seventh Circuit sided with the defendants-appellees and held that the district court's Section 1782 discovery orders were final and immediately appealable. The *Heraeus II* Court underwent two steps of analysis in coming to its decision.

7

First, the *Heraeus II* Court examined the appealability of discovery orders in Section 1782 actions generally. The Court distinguished a final opinion, which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," and a non-final, not immediately appealable decision, which is "tentative, informal or incomplete." 881 F.3d at 560 (internal quotation marks and citations omitted). The *Heraeus II* Court next observed that Section 1782 discovery orders are not like other discovery orders that do not resolve the litigation on the merits:

> Because discovery orders do not end the litigation on the merits, they are usually not final and thus not immediately appealable. However, in § 1782 actions the litigation on the merits occurs in a foreign tribunal, so the only matter is discovery. Because there is no underlying merits proceeding in the district court, many of the concerns that make us reluctant to review discovery orders on an interlocutory basis disappear.

*Id.* (internal quotation marks and citations omitted). In light of that distinction, the Court stated, the Seventh Circuit and its sister courts of appeals have exercised appellate jurisdiction over discovery orders in the Section 1782 context. *Id.* at 560-61.

In its second step of analysis, the *Heraeus II* Court examined whether the specific underlying orders in the Section 1782 action were final and immediately appealable. 881 F.3d at 561. According to the *Heraeus II* Court, because the district court "conclusively denied Heraeus's motions to modify the protective orders," the underlying orders were final. *Id.* In sum, the Court concluded a discovery order issued in a Section 1782 action may be final and immediately appealable even if the proceedings are ongoing and additional motions are contemplated, and that the underlying orders in *Heraeus II* were immediately appealable because the district court "conclusively denied the relief sought." *Id.* at 563.

From *Kestrel Coal* and *Heraeus II*, it is clear that a discovery order in a discrete Section 1782 action may be final and immediately appealable, in contrast to the typical discovery

8

order. Instead of initiating a separate Section 1782 action, HBI has filed a motion for Section 1782 relief in this trademark action, which makes any resulting order a general discovery order that would not impact the merits of the trademark litigation pending in this Court. Proceeding on the posture set up by HBI, it would be possible for this Court to order the production of highly sensitive documents, and for Republic to have no ability to immediately appeal that order of production. This would be in contravention of *Kestrel Coal* and *Heraeus II*, which held that a Section 1782 order is immediately appealable as a final order. Moreover, Republic should not have to wait for the resolution of the current trademark action, which has nothing to do with the requested production of documents for use in a separate, German litigation. If the motion were a motion to modify the protective order, the Court could see the value in addressing the matter in this case. That is, HBI could ask this Court to reduce the designations of already-produced documents or modify the protective order, so that confidential documents could be shared for use in the German litigation. However, when HBI seeks to invoke Section 1782, it is prompting a completely separate process, outside the scope of this litigation, that will result in a final appealable order, unlike a decision to modify a protective order. The difference in these two procedural positions is significant.

### III. Relatedness

The third reason that HBI should not have filed its Section 1782 application as a discovery motion in this case is that HBI's request for documents to be used in a German proceeding involving its European affiliate is not relevant to this trademark action. This case involves trademark, copyright, and unfair competition claims regarding HBI and Republic's actions in the United States. Whether HBI successfully obtains discovery to share with its European affiliate for

9

a separate lawsuit about the European affiliate's actions in Germany is not related to proving the claims or defenses in this current litigation.

Indeed, the difference between the moving party, HBI, and the benefitted party in the German litigation, HBI Europe, informs the Court that the procedural posture here is incorrect. HBI Europe, a separate and distinct legal entity, is the party that seeks the documents in the German litigation. Doc. [698] at 16. HBI Europe is not a plaintiff or defendant in this litigation. So, in order to shoehorn the issue into this case, HBI Europe has outsourced the request to HBI. In the context of a motion to modify a protective order for use of documents outside of this litigation, HBI's request makes sense. But, in a Section 1782 application, HBI now has to fight to be recognized as an "interested person" under the statute because HBI Europe is not a party to this litigation and cannot make the request directly. Doc. [700] at 2. Such legal machinations are not necessary and the solution is fairly simple—HBI Europe should file its own Section 1782 application.

HBI asserts that HBI Europe and/or the CEO of HBI—both parties to the German litigation—"could bring this same application as a separate, related, miscellaneous civil case," but that once the application was "filed and identified as 'related' to this pending matter, the application (through action of the Court's clerk or by motion) would presumably be assigned to the same Judge and Magistrate." Doc. [700] at 3 n.1. In HBI's view, requiring HBI Europe and/or HBI's CEO to file a separate action under Section 1782 would mean "punctilious formality prevailed over judicial efficiency." *Id.* The Court is not aware of any automatic assignment procedure, whereby the Clerk of Court would directly assign a case to a judge, based merely on a party's representation that the case is related to another. Rather, it is the Court's understanding that the assignment of cases by our District Court is random, and that parties have to move for

reassignment under LR 40.4. *See Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.*, 714 F. Supp. 2d 901, 901–02 (N.D. Ill. 2010) ("This Court's candidate for the least-well-understood local rule that has been adopted by our District Court is LR 40.4, which allows an exception—but only in carefully circumscribed circumstances—to the guiding polestar of this District Court's random, computer-driven assignment of cases, providing instead for certain reassignments on grounds of relatedness.").

The Court doubts HBI Europe and/or HBI's CEO could sufficiently demonstrate relatedness here in a motion for reassignment. Under LR 40.4(a), two or more civil cases may be related if: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Then, if LR 40.4(a) is satisfied, the reassignment movant must meet all of the "more stringent criteria" of LR 40.4(b). *Williams v. Walsh Const.*, No. 05 C 6807, 2007 WL 178309, at *2 (N.D. Ill. Jan. 16, 2007). Those rigorous criteria are: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." LR 40.4(b).

Perhaps HBI Europe and/or HBI's CEO could show that its Section 1782 action was related to the pending litigation under LR 40.4(a), which "defines 'relatedness' with a broad brush." *Targin*, 714 F. Supp. 2d at 902. Yet, a motion for reassignment would almost certainly fail under LR 40.4(b). As an initial matter, the Court is not convinced that it would take less time to educate this Court on the separate German proceeding, which involves—at the very least—different

parties, different law, and different underlying events from the pending litigation. *See* Doc. [698-2] (decision from appellate court in German litigation assessing whether regional court erred by rejecting the Federal Republic of Germany as the place of infringement under German law, in light of various facts, including the use of English language in HBI Europe's contested promotional video). Moreover, the separate Section 1782 action and this one would not be "susceptible of disposition in a single proceeding." LR 40.4(b)(4). A meritorious proceeding in a Section 1782 action would only resolve whether discovery for the German case would be granted or denied; it could not impact the distinct issues at stake in this litigation. And a resolution of the Section 1782 matter would not implicate the Court's protective order, which only governs discovery production in this case, and not a separate action to produce documents for a foreign litigation. A trial in this case likewise would not resolve the discovery issues of the Section 1782 action. As a result, it is unlikely that these cases are sufficiently related to succeed on a reassignment motion under LR 40.4.

In any event, even if HBI were correct that a separate Section 1782 filing would inevitably fall on this Court, it is this Court's view that HBI Europe and/or HBI's CEO still should have initiated a separate action. As discussed above, the legislative history of Section 1782, as well as the availability of an immediate appeal, lead the Court to determine that procedure matters here. HBI failed to follow it, so its motion is denied.

## Conclusion

For the foregoing reasons, Defendant HBI's Application under 28 U.S.C. § 1782 for an Order to Take Discovery for Use in a Foreign Proceeding, Doc. [677], is denied. The Court's holding is based on procedural grounds and does not reach the merits of HBI's Section 1782

application. An "interested person" in the German litigation, most suitably HBI Europe or HBI's CEO, is free to initiate a separate action under 28 U.S.C. § 1782.

**SO ORDERED.**

Dated: January 14, 2020

/s/ Sunil R. Harjani
Sunil R. Harjani
United States Magistrate Judge