IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> BBK TOBACCO & FOODS, LLP d/b/a HBI INTERNATIONAL, <br><br> Defendant. | Case No. 16-cv-03401 <br><br> Judge Thomas M. Durkin |

**REPUBLIC'S RULE 50(a) MOTION**

"Federal Rule of Civil Procedure 50(a)(1) allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial 'if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 658 (7th Cir. 2021).

HBI has now been fully heard on its claims of copyright and trade dress infringement, and the result is clear. HBI has failed to prove a likelihood of confusion between its trade dress for RAW Organic Hemp and the trade dress for OCB Organic Hemp. Moreover, HBI has failed to prove copying of any original or creative element of its copyrighted materials.

**I. TRADE DRESS**

The Court is well familiar with HBI's claimed trade dress. It involves the word "RAW" in a distinctive tone of red, pitched at an upward angle from left to right, in a distressed serif font that, as Mr. Kesselman described it, looks as

1

though it has been "stamped" instead of printed. HBI's trade dress includes none of those things.

Ian Kobe, HBI's graphics director, testified that the key elements that make the "RAW" brand recognizable to consumers were: (1) the "RAW" as described above; (2) the realistic-looking "string" graphic that appears to encircle the package as though the package were actually tied up in string; (3) an image of green grass at the foot of the packaging; (4) a round "button" or "stamp" with "purest natural hemp fibers" or similar language; (5) particular language ("natural unrefined hemp rolling papers") beneath the "RAW," also pitched at an angle; (6) a pleasant beige background; and (7) specific colors of red and brown.

Republic's OCB Organic Hemp trade dress shares but one of these elements, a beige background. As the evidence has shown, beige or tan backgrounds are not at all unusual, particularly for rolling papers targeting the "natural" segment of the rolling paper market. Moreover, OCB's tan color is on a distinctly burlap-looking background; the beige background on the RAW packages is smooth.

Every other one of the identified distinctive elements of the RAW trade dress is absent on the OCB trade dress. The introductory 99-cent OCB trade dress has its "OCB" lettering in red, but it is not pitched at an angle, is a sans-serif font, is not distressed, and bears a double-strike through the "C" that is characteristic of many OCB brands world-wide, and does not resemble any element of the RAW packaging. The full-priced package is even further from the

RAW look, with the "OCB" in what most any lay person would describe as brown, not red.

"This circuit uses the following seven factors to determine the likelihood of confusion: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any evidence of actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another. No single factor is dispositive, but we have said that three are especially important: the similarity of the marks, the intent of the defendant, and evidence of actual confusion." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015).

Not only are the two products' trade dresses quite dissimilar, HBI's effort to demonstrate actual confusion is second-hand and anecdotal (at best). Not a single would-be purchaser (neither a consumer or reseller) testified of having the slightest confusion between the competing products. And even the second-hand evidence was not indicative of actual confusion, such as Mr. Colvard's mini-mart manager who already carried the RAW Organic Hemp product, and decided to pick up a box of the OCB Organic Hemp at a "cash-and-carry" because he thought it looked similar and wanted to give it a try. This actually constitutes affirmative evidence of *non*-confusion; he knew it was a distinct product (he already carried the RAW), and wanted to try it. That's not confusion; it's competition.

3

A reasonable jury would not have a legally sufficient evidentiary basis to find for HBI on trade dress infringement. Judgment on trade dress infringement should be entered in Republic's favor.

## II. COPYRIGHT

### A. NO INFRINGEMENT

As with the trade dress claims, Republic's products and marketing materials are so completely different from HBI's that no inference of copying is permissible on this record.

HBI has not even identified any protected expression in its claimed copyrights. To the extent there is anything in HBI's works that even conceivably meets the "minimal degree of creativity" threshold to set them apart from the hundreds of other rolling papers sold in rectangular booklets and their marketing materials, there is no evidence that Republic has copied it

### B. NO DISGORGEMENT

Even if any portion of HBI's copyright infringement were to go to the jury, the issue of disgorgement of profits should not. Disgorgement of profits from sales of an infringing good may be available for a copyright claim, but where, as here, the copyright is allegedly being infringed to sell something *distinct* from the copyrighted work itself, the claimant (here HBI) has a burden to demonstrate how much of the infringer's profits came about as a result of the alleged infringement. *See Taylor v. Meirick,* 712 F.2d 1112, 1122 (7th Cir. 1983) ("If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in

4

the record and rest your case for an award of an infringer's profits"). A case where an accused copyright infringer "did not sell the copyrighted work, but used the copyrighted work to sell another product" is an "[i]ndirect profit case." *Bergt v. McDougal Littell,* 661 F. Supp. 2d 9116, 927 (N.D. Ill. 2009). "A plaintiff cannot simply presume that the sales of a defendant's products are due to copyright infringement." *Fox Controls, Inc. v. Honeywell, Inc.,* No. 02 C 346, 2005 WL 1605832, *8 (N.D. Ill. July 14, 2005) (Honeywell used plaintiff's copyrighted training manuals; where plaintiff "fail[ed] to present any basis upon which to conclude that Honeywell derived any profit from the use of plaintiff's works, much less any particular amounts," plaintiff's evidence was "insufficient to create a triable issue of fact").

HBI has not met its burden. Its damages expert, Mr. Burns, attempted to apportion the profits earned *by HBI* to each assertedly false advertising claim, but neither he nor any other witness even attempted to ascertain or demonstrate what portion of Republic's profits on OCB Organic Hemp rolling papers are related to the alleged infringement of HBI's copyrights. This is a complete absence of proof, and the jury has been provided no basis for evaluating the issue, and thus it should not go to the jury.

| Dated: June 22, 2021 | Respectfully submitted, |
|---|---|
| | REPUBLIC TECHNOLOGIES (NA), LLC, REPUBLIC TOBACCO, L.P., |
| | By: /s/ Peter S. Roeser<br>One of their attorneys |

5

Charles S. Bergen
Peter S. Roeser
Matthew D. Tanner
**ROESER TANNER & GRAHAM LLC**
Two North Riverside Plaza, Suite 1850
Chicago, IL 60606
(312) 300-2525

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 22, 2021, the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification to all ECF registrants that are counsel of record for this matter

/s/ Peter S. Roeser