UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, AND REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP D/B/A HBI INTERNATIONAL, <br><br> Defendants. | NO. 16 C 3401 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Republic Technologies and Republic Tobacco brought this action against Defendant HBI in 2016. The parties went to trial in June 2021 and have various post-trial motions pending. Now before the Court is Republic's motion for sanctions, R. 816. For the following reasons, the motion is granted in part and denied in part.

**Background**

Republic alleged false advertising, unfair competition, and violations of the Illinois Uniform Deceptive Trade Practices Act. HBI filed counterclaims for copyright and trade dress infringement as well as affirmative defenses of laches and estoppel. At the final pre-trial conference on June 1, 2021, the Court ordered both sides to refrain from engaging on social media regarding the case or trial. R. 816-13 at 38-39.

Trial commenced on June 9, 2021 and continued until June 23, 2021. A portion of Republic's closing arguments on June 23 focused on HBI's lack of evidence

supporting HBI's boast that it used "ancient" machines to make its rolling paper. Republic specifically mentioned that no photo or video evidence was provided to the jury to support the claims of ancient machinery being used as claimed. R. 816 at 4.

That evening, after the jury began deliberating, HBI CEO Joshua Kesselman reposted a previously created (and previously posted) video to his Instagram and TikTok accounts. The "Old Machines" video depicted a piece of machinery in Alcoy he described as "one of my oldest machines, about a hundred years old …" and went on to explain that the machine made rolling papers. R. 816-12-C, 12-D.

On the following day, June 24, 2021, with the consent of the parties as to the procedure, the Court questioned each juror individually, outside the presence of the other jurors, to determine whether any of them had seen any social media posts about the case or issues in the case. Every juror stated they did not see anything. The Court found their responses credible.

A hearing was then held while the jury was deliberating. Republic was given the opportunity to call and cross-examine Mr. Kesselman and HBI's general counsel. HBI's trial counsel was also given the opportunity to ask questions. Mr. Kesselman told the Court his posts were "memory" notifications on his iPhone from 2019, as opposed to new content for his social media platforms, and that he reposted them without realizing he may have been violating the Court's June 1 order.

The jury returned its verdict on June 25, finding for Republic on its claims for violation of the IDTPA and unfair competition. The jury ruled in favor of HBI on

2

Republic's claim for false advertising. Finally, the jury found in favor of HBI on its claims for copyright and trade dress infringement.

Republic filed this motion for sanctions on August 12, 2021. Republic argues that the penalty for Kesselman's social media posting during deliberations should be dismissal or judgment against HBI on HBI's counterclaims, a finding of criminal contempt under Federal Rule of Criminal Procedure 42, and a criminal referral to the United States Attorney's Office.

## Legal Standard

A court has broad discretion to address violations of its orders. *Chambers v. Nasco*, 501 U.S. 32 (1991). "[A] court has inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Chambers*, 501 U.S. at 44-45)). Rule 41(b) of the Fed. Rules of Crim. Procedure provides authority to dismiss a party's claims or counterclaims when the party "fails to … comply with a court order." However, a "dismissal with prejudice is a harsh sanction which should only be employed in extreme circumstances." *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). Any sanction must be a carefully measured response to the sanctioned conduct. *Kapco v. C & O Enters.*, 886 F.2d 1485, 1496 (7th Cir. 1989). *See also Diettrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 964 (7th Cir. 1999) (indicating that, when exercising inherent powers to sanction, "the punishment must fit the crime"). Sanction awards can also compensate litigants who paid attorneys' fees that,

3

but for the improper conduct, should not have been incurred. *Magnus Elecs., Inc. v. Masco Corp.*, 871 F.2d 626, 634 (7th Cir. 1989).

## Analysis

### I.     Dismissal of HBI's Claims or Criminal Contempt

Republic asks the Court to dismiss or find in favor of Republic on HBI's counterclaims as a sanction for Mr. Kesselman's conduct. The circumstances here do not warrant such a drastic sanction. The Court polled each juror individually and determined they were credible in denying having seen any of the social media posts. R. 832-1. They had been told not to look at social media at the start of the trial, and at various times during the trial, so it was not surprising that this intelligent, dedicated, and diligent jury followed the Court's instructions. There is no reason to believe Kesselman's social media post tainted the deliberation process. There is no "cloud of doubt about the integrity of the proceedings," as suggested by Republic. R. 816 at 2. Because Kesselman's actions did not disrupt the trial substantively, dismissal of HBI's claims is not warranted.

Regarding a criminal referral, Republic is correct that it is a federal crime to communicate with a juror in any way in an attempt to influence, intimidate, or impede the jury. 18 U.S.C. § 1503. "The essential elements of a finding of criminal contempt under 18 U.S.C. § 401(3) are a lawful and reasonably specific order of the court and a willful violation of that order." *Doe v. Maywood Hous. Auth.*, 71 F.3d 1294, 1297 (7th Cir. 1995). The text of § 401(3) does not contain a willfulness requirement, but the Seventh Circuit, like all circuits, "holds that it is a necessary element that

must be proved beyond a reasonable doubt." *United States v. Trudeau*, 812 F.3d 578, 588 (7th Cir. 2016). Willfulness means "a volitional act done by one who knows or should reasonably be aware his conduct is wrongful." *Id*. Referral to a United States Attorney's Office is appropriate in cases where a litigant "flouted his duty" to be honest with the court. *Neal v. LaRiva*, 765 F.3d 788, 791 (7th Cir. 2014).

After the social media posts were brought to the Court's attention, the June 24 hearing shed light on Mr. Kesselman's state of mind. Republic, along with the Court and HBI's trial counsel, questioned Mr. Kesselman and HBI's general counsel for hours, and the Court did not at that time believe Mr. Kesselman was willfully attempting to influence the jury. The Court denied Republic's motion for a mistrial on such grounds. R. 832-1. Mr. Kesselman's two social media posts, undoubtedly, were grossly negligent and a clear violation of the Court's order prohibiting making posts about the case. His testimony that he didn't think the "Old Machines" material related to the case was ludicrous. He could have simply asked his attorneys whether he could post the videos but failed to do so. They would, of course, have instructed him not to do it. In addition, he clearly captioned them separately, as HBI acknowledges in its Response, R. 832 at 4, because the caption on Instagram differs slightly from that on TikTok. The separate captions indicate this was not a simple forwarding or reposting of a video, and involved at least some thought before sharing. As HBI acknowledged, it "took [Mr. Kesselman] a few minutes to create captions for the two respective versions." R. 832 at 4. Republic argues that the only conceivable reason for Mr. Kesselman making the post was to affect the jury. The Court was not

5

convinced of that when it denied the mistrial motion, and it is not convinced now. Negligent, short-sighted, and irresponsible behavior does not rise to willfulness. It is simply one step too far to find that Mr. Kesselman posted the videos on the off chance a juror would have violated his or her oath and observed it, or discussed it with a friend or family member who observed it. The Court will not make a referral for criminal prosecution based on gross negligence.[1] If the deliberations had been affected, the results here may have been altogether different and the sanctions suggested by Republic may have been imposed in full.

## II.     Other Sanctions

While the most severe sanctions are not warranted in this case, some sanction is warranted to deter such improper conduct, and to compensate Republic for the time and money spent on addressing the violation. *See Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 657 (7th Cir. 2003). As discussed, Kesselman's actions were profoundly negligent, and necessitated an evidentiary hearing, the polling of every juror individually, multiple briefings, and significant time spent on an issue that could have been entirely avoided. Mr. Kesselman was not a casual participant in the trial who dropped in for his testimony and subsequently left the courtroom. He was a constant presence in the courtroom, from voir dire to the final charge to the jury.

---

[1] Republic makes arguments regarding Mr. Kesselman's medical history and his previous court proceedings in other cases. These circumstances are irrelevant to this motion, and the Court disregards them.
  Similarly, the Court will not consider HBI's unfounded contentions that Republic's counsel violated any ethical rules relating to their arguments about the operation of social media.

6

He was always in the presence of counsel. Quite simply, he knew better, and had ample opportunity to consult with counsel if anything was unclear.

The Court orders Mr. Kesselman to pay Republic's attorney's fees incurred preparing for and litigating the June 24 hearing, as well as for preparing the instant motion for sanctions and any related briefs. The Court finds this sanction is in part sufficient to deter similar improper conduct from occurring in the future, and to compensate Republic for its time and costs spent on Mr. Kesselman's violation.[2]

Additionally, recognizing the gravity of Mr. Kesselman's misconduct and the disregard for this Court's orders, the parties are to brief their positions as to whether a monetary fine is an available sanction for Mr. Kesselman and, if so, whether one should be imposed for his violation of the June 1 order. Whether such a fine can be imposed based on a criminal contempt finding, as part of a civil contempt finding, or through some other mechanism needs to be addressed. Once the Court has reviewed the parties' briefs on the issue, it will determine whether further sanctions are appropriate.

## Conclusion

For these reasons, the Court grants in part and denies in part Republic's motion for sanctions, R. 816. The motion is denied with respect to Republic's request for dismissal of HBI's counterclaims and a criminal referral to the United States

---

[2] HBI argues Republic raised new theories in its motion that HBI did not have an opportunity to address at the sanctions hearing, R. 832 at 1, but regardless, the Court's broad discretion allows it to impose sanctions where an order was violated, and the matters raised by Republic—new and old—have been fully briefed in the parties' filings.

Attorney's Office. The motion is granted with respect to Republic's attorney's fees and costs, to be paid by Mr. Kesselman. The parties shall follow Local Rule 54.3 relating to the amount of attorney's fees to be paid to Republic. By February 17, 2022, the parties are to submit their positions as to the availability of a monetary fine as an additional sanction.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 18, 2022