**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, AND REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP D/B/A HBI INTERNATIONAL, <br><br> Defendants. | NO. 16 C 3401 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. ("Republic") brought this action against Defendant BBK Tobacco & Foods, LLB ("HBI") in 2016. The parties went to trial in June 2021 and have various post-trial motions pending. Now before the Court is HBI's post-trial motion seeking enhanced damages, prejudgment interest, and attorney's fees. R. 813. That motion is granted in part and denied in part.

**Background**

A jury trial was held in this case beginning on June 9, 2021, and the jury returned its verdict on June 25, 2021. As to Republic's federal Lanham Act false advertising claim, the jury found in favor of HBI. The jury found in favor of Republic on its Illinois Deceptive Trade Practices Act claim and Illinois unfair competition claims.

As to HBI's copyright infringement claim, the jury found for HBI, but only as to the OCB "Sold Here" sign, awarding "0" for the amount of Republic's profits to be awarded to HBI. The jury found Republic's copyright infringement to be willful, and awarded statutory damages of $40,000. The jury also found for HBI on its trade dress infringement claim, but only as to the OCB Organic Hemp 99-cent packaging, with an award of $979,620.00 in Republic profits to be awarded to HBI. Finally, the jury found the trade dress infringement was willful.

HBI filed a post-trial motion seeking a permanent injunction, enhanced damages, prejudgment interest, and attorney's fees. R. 813. It has since withdrawn its request for a permanent injunction. R. 836 at 1.

## Analysis

### I. Treble Damages for HBI's Trade Dress Claim

HBI argues the Court should exercise its discretion to award treble damages to HBI on its trade dress claim, where the jury found Republic infringed HBI's trade dress with its OCB Organic Hemp 99-cent packaging. The jury found Republic's trade dress infringement to be willful and awarded Republic's profits on the 99-cent packaging to HBI in the amount of $979,620.00.

As an initial matter, the trebling provision of 15 U.S.C. § 1117(a), by its plain language, only applies to actual damages, not profits. *See, e.g., Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1157 (7th Cir. 1994) (holding the trebling provision "of course requires that the plaintiff be able to prove some damages"); *Black & Decker Corp. v. Positec USA, Inc.*, 2015 WL 5612340, at *4 (N.D. Ill. Sept. 22, 2015) ("If

Congress had intended for subsection [1117](a)'s provision allowing the trebling of damages to apply to profits, then presumably Congress would have said so"). HBI never sought, and the jury was never asked to consider, HBI's actual damages. Thus, no trebling of actual damages, which were never proven, is permitted here.

However, while the statute's trebling provision does not apply to profits, § 1117(a) does state that "if the Court shall find that the amount of the recovery based on profits is either inadequate or excessive, the Court may in its discretion enter judgment for such sum as the Court shall find to be just, according to the circumstances of the case." *Id.*

HBI argues that an award of damages limited to Republic's profits is insufficient to achieve true deterrence, and that HBI's losses will not fully be compensated. In support, HBI argues that the 99-cent booklet was a "loss leader" meant to confuse customers into later buying the full-priced packet, where the profit margin to Republic was greater. R. 814 at 7. If the jury found that Republic infringed HBI's trade dress with its OCB Organic Hemp *full-priced* packaging, in addition to the 99-cent packaging, this argument would have more weight. But it did not. Republic's confusingly similar 99-cent packaging may have induced customers into buying it rather than the HBI product, but the confusion stopped there. Any customer who bought Republic's full priced packaging did not do so because of confusion over the trade dress. They may have bought the full priced package because they preferred the Republic product, having sampled it with the 99-cent packaging. They may have bought it because of Republic's reputation in the industry. They may have bought it

3

on the recommendation of another consumer, or of a vendor. They may have bought it because of the product's placement, or because it was the only rolling paper being offered. Those are just a few possible reasons. But, as noted and as supported by the jury's findings, customers did not buy the full priced Republic product because they mistakenly thought they were buying the HBI product. HBI was awarded every dollar of Republic's profit that HBI's own expert said was earned from the 99-cent packaging. The Court agrees with Republic that it is unlikely that the whole profit was necessarily derived from the packaging. In fact, given Republic's history in the industry, it is likely that some of the sales of the 99-cent packaging were because of Republic's OCB brand reputation rather than because of trade dress that was confusingly similar to HBI's. To the extent that occurred, Republic was sufficiently penalized by the jury's award.

Further, there was no evidence presented that Republic's 99-cent packaging resulted in any market share, revenue, or sales loss by HBI. If that was the case, HBI could have—and presumably would have—presented such evidence to the jury as proof of actual damages. It did not. Thus, there is no evidence that Republic "reaped the benefits of [its] scheme," or retained "most of the gains from its anti-competitive and infringing products," as HBI argues. R. 814 at 8. The jury's award of Republic's profits, $979,620.00, is adequate under the circumstances of the case. The willfulness finding by the jury does not change that finding. The Court declines to exercise its discretion to award enhanced damages. Similarly, the award is not excessive, so the Court also denies Republic's request to reduce it.

4

## II.     Statutory Damages for HBI's Copyright Claim

The jury awarded statutory damages of $40,000 when it found that Republic willfully infringed HBI's copyright as to Republic's OCB "Sold Here" sign. The Copyright Act allows a copyright owner to recover statutory damages of up to $30,000 for each work that is infringed. 17 U.S.C. § 504(c)(1); *BMG Music v. Gonzalez*, 430 F.3d 888, 891 (7th Cir. 2005). That amount can be increased up to $150,000 if willful infringement of the copyright is found. 17 U.S.C. § 504(c)(2). The jury was so instructed, and it awarded $40,000 to HBI on the copyright claim and declined to award any of Republic's profits.

HBI now asks the Court to exercise its discretion and award $150,000 in statutory damages to HBI. They argue that a "mere" $40,000 award is unlikely to deter Republic from future uncompetitive conduct, especially when the underlying infringement involves a marketing item that is not sold for a particular price, such as the OCB "Sold Here" sign. R. 814 at 10. HBI was free to pursue actual damages, but presented no evidence of them, and the jury awarded them none. The arguments HBI makes now in favor of a higher damages award for willful infringement are essentially no different than the arguments made to the jury, and the jury penalized Republic for the willful infringement by awarding $40,000, $10,000 over the statutory minimum.

While the Court has the authority to award more damages, it will not do so. No new argument was presented that was not considered by the jury. Moreover,

5

additional statutory damages will likely not have any further deterrent effect, especially for conduct relating to a door sticker that was last distributed in 2014.

### III. Prejudgment Interest

Next, HBI asks that prejudgment interest be added to the jury's award of damages. The Seventh Circuit has made clear that there is a presumption that prejudgment interest will be awarded for violations of federal law. *First Nat'l Bank of Chicago v. Standard Bank of Trust*, 172 F.3d 472, 480 (7th Cir. 1999). There is no reason not to award prejudgment interest here, as a failure to do so would prevent HBI from being made whole, and would also make an adverse verdict against Republic an attractive means of doing business if there is a long period of time from the wrongdoing to the verdict, such as occurred here. *See R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2005 WL 293512, at *1 (N.D. Ill. Feb. 8, 2005) (citing *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985)). Additionally, the practice is to use the prime rate as the benchmark for prejudgment interest unless either there is a statutorily defined rate, or the district court engages in "refined rate-setting" directed at determining a more accurate rate for interest. *First Nat'l Bank*, 172 F.3d at 480. Here, Republic suggests that the rate it would receive for an unsecured loan from its bank is a more precise rate than the prime rate. R. 827 at 15. That ignores the fact that it was HBI, not Republic, that was awarded damages, and prejudgment interest is limited here to the claims HBI succeeded on.

The declaration in support of prejudgment interest and accompanying chart of Francis X. Burns clearly sets forth the calculation of prejudgment interest using the

6

bank prime rate. R. 814-11. Total prejudgment interest of $317,526.00 is awarded to HBI.

## IV. Attorney's Fees

Finally, HBI asks the Court to award attorney's fees to HBI. "[T]he Court in exceptional circumstances may award attorney's fees to the prevailing party." 15 U.S.C. § 1117(a). The Seventh Circuit has held that the factors applied in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014), for an award of attorney's fees, apply in Lanham Act cases. *LHO River, LLC v. Perillo*, 942 F.3d 384, 388 (7th Cir. 2019). Those factors include: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Octane*, 572 U.S. at 554).

Importantly, while the jury found Republic's conduct was willful, which the Court takes into consideration, that is not dispositive for a determination of attorney's fees. *See Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*, 2019 WL 4242482, at *21 (N.D. Ill. Sept. 6, 2019), *aff'd sub nom. Kolcraft Enterprises, Inc. v. Artsana USA, Inc.*, 819 Fed. Appx. 939 (Fed. Cir. 2020). Republic's positions in litigation were not frivolous or unreasonable, either legally or factually. Republic won as much, if not more, as it lost as to various claims. And Republic voluntarily stopped purchasing the violating packaging after HBI complained about it, well before this suit was filed.

Furthermore, the Court observed the conduct of Republic's trial counsel throughout litigation. Counsel was professional, stipulated to things that should have

7

been stipulated to, and did nothing to unnecessarily prolong the length of the trial. Awarding attorney's fees to HBI would not further any considerations of deterrence, as Republic acted reasonably in pursuing its case, even as to its Lanham Act claim that it lost. HBI's motion for attorney's fees is therefore denied.

## Conclusion

For the foregoing reasons, HBI's motion for post-trial relief, R. 813, is granted in part and denied in part. The request for prejudgment interest is granted in the amount of $317,526. The requests for enhanced damages on the trade dress and copyright claims are denied. The motion for attorney's fees is denied.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 24, 2022