**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, AND REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP D/B/A HBI INTERNATIONAL, <br><br> Defendant. | NO. 16 C 3401 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. ("Republic") brought this action against Defendant BBK Tobacco & Foods, LLB ("HBI") in 2016. Now before the Court is HBI's motion for leave to amend its affirmative defenses, R. 788, and HBI's supplemental motion to amend its affirmative defenses, R. 822. Those motions are denied.

**Background**

Republic and HBI have had a fraught relationship since at least 1999, when Republic sent a cease and desist letter to HBI informing it of Republic's belief that HBI was infringing on numerous trademarks. Tr. Trans. 1236-37. In 2006, the parties came to an agreement ("2006 Settlement Agreement" or "2006 Agreement") that HBI would send Republic annual catalogues containing HBI products for Republic to review, with the hope of avoiding future litigation. *Id*. Republic reviewed the

catalogues and informed HBI numerous times of products or statements it took issue with as potentially infringing.

In 2016, however, Republic filed this lawsuit, asserting claims against HBI under the federal Lanham Act, as well as a claim under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") for false advertising, and a common law unfair competition claim. HBI asserted affirmative defenses that its statements were made in good faith and were not false or misleading, that its actions were justified, and that Republic suffered no actual injury. R. 876 at 5. The Court ordered the parties to file any amended pleadings on or before January 15, 2017, and HBI did not amend its affirmative defenses. The parties had a final pretrial conference on June 1, 2021, where they reviewed the claims and affirmative defenses subject to litigation. R. 770.

The parties went to trial on June 9, 2021. On June 20, 2021, HBI filed a motion under Federal Rule of Civil Procedure 15(b) to amend its affirmative defenses to add laches and equitable estoppel defenses to Republic's Lanham Act false advertising claim. It informed the Court the next morning about the motion and told the Court it was a matter to be determined after trial. Tr. Trans. 1745. The jury returned its verdict on June 25, 2021. A supplemental motion to amend was filed on August 13, 2021. Neither party brought the motions to amend up again until January 27, 2022, when the Court inquired whether the motions were unopposed. Republic informed the Court it opposed the motions, and a briefing schedule was set. The motions are now fully briefed.

**Legal Standard**

Federal Rule of Civil Procedure 15(b) provides: "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings." The standard for a motion to amend the pleadings for issues tried by consent is "whether the opposing party had a fair opportunity to defend and whether [it] could have presented additional evidence had [it] known sooner of the substance of the amendment." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1106 (7th Cir. 2013). Courts have broad discretion to deny motions to amend where there is undue delay, bad faith, dilatory motive, failure to cure deficiencies, or undue prejudice to the opposing party. *Aldridge v. Forest River*, 635 F.3d 870, 875-56 (7th Cir. 2011).

**Analysis**

HBI's proposed laches defense asserts that (1) Republic unreasonably delayed bringing its false advertising claims given the number of years Republic received and reviewed pre-publication catalogues of HBI's products that contained allegedly false advertising statements; and (2) Republic's delay prejudiced HBI because HBI continued to use its catalogues based on the belief that Republic did not take issue with anything in them. R. 789 at 3. Similarly, HBI's proposed estoppel defense asserts that Republic's delay in initiating this case resulted in HBI's continued use of the statements that went on to serve as the basis of Republic's false advertising claims. *Id*.

HBI argues Republic provided implied consent for affirmative defenses because it did not object to the introduction of certain evidence relating to the unpled defenses. Republic argues that it did not consent to the affirmative defenses, and that HBI's delay in bringing its motion to amend is unreasonable and deprived Republic of a fair opportunity to defend itself.

I. **Consent**

The Seventh Circuit has consistently held that courts will not imply a party's consent to try a claim "merely because evidence relevant to a properly pleaded issue incidentally tends to establish an unpleaded claim." *Reynolds*, 737 F.3d at 1106 (citing *Ippolito v. WNS, Inc.*, 864 F.2d 440, 456 (7th Cir. 1998)).

HBI argues Republic consented to HBI's affirmative defenses being timely pled because it consented to the introduction of various pieces of evidence, such as the parties' 2006 Settlement Agreement and discussions about HBI's catalogues being sent from HBI to Republic for review. R. 789 at 5. But Republic opposed the introduction of the 2006 Agreement and other such evidence in a motion in limine. R. 591. HBI overcame that motion in limine by arguing the Agreement was relevant to HBI's infringement claims and other properly pleaded claims—not to any equitable estoppel or laches defenses. R. 660. The fact that the 2006 Agreement was introduced, based on its relevance to properly pleaded claims, did not put Republic on notice that HBI would later bring the instant motions to amend.

The Court agrees with Republic that it did not have an opportunity to litigate the laches and equitable estoppel defenses, as those defenses were simply not

identified by motion until late in the case. HBI brought its motion after Republic had closed its case-in-chief. HBI contends Republic now needs to specifically propose what arguments it would have made that it could not present, but that is not the standard. The question is whether Republic *could have* presented additional evidence or asked additional questions had it known sooner that HBI was raising these affirmative defenses. Clearly, the answer is yes, and HBI deprived Republic of a fair opportunity to do so when it brought its motion in the final days of a trial that both sides spent at least five years preparing for. Republic need not show what evidence it would have presented—it has shown that had it known of HBI's new affirmative defenses, it could have opposed them. It is too facile for HBI to say that Republic "effectively" responded to the affirmative defenses, or should have changed its entire trial strategy with the case nearly over, to respond to them. The point is that Republic did not have the opportunity to plan how to address the defenses at trial.

It is common sense that parties prepare to address what they know is subject to litigation. Discovery and the pretrial conference serve, in part, to inform the parties of the issues to be litigated. During discovery in this case, Republic conducted more than fifty depositions without notice that HBI may, years in the future, seek to bring these unpled affirmative defenses. It is unfair at this point to contend Republic should have simply assumed that laches and equitable estoppel defenses would ultimately be brought by HBI. Republic was not on notice of the defenses, had no opportunity to

5

present a case against them, and therefore the defenses were not tried by Republic's consent. Nor does the law assume it.[1] *Reynolds*, 737 F.3d at 1106.

## II. Delay

Delay itself is not enough for a court to deny a motion to amend, but "the longer the delay, the greater the presumption against granting leave to amend." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004). Lack of consent on the part of Republic is alone a sufficient basis to deny HBI's motion, but HBI's significant delay in bringing its motion reinforces the Court's decision.

HBI offers no explanation as to why it waited until trial was almost over to bring its motion to add affirmative defenses (or why it waited six more weeks to supplement its motion). HBI could have brought the motion numerous times since this case was first filed in 2016. The facts it contends support the affirmative defenses came out during discovery. The parties were ordered to file any amended pleadings on or before January 15, 2017. HBI has not provided a reason for why it failed to comply. Ironically, HBI opposed Republic's August 2017 motion to amend its

---

[1] HBI's motion to amend specifically sought to add laches and equitable estoppel defenses only as to Republic's Lanham Act false advertising claim. Indeed, that is what the very first page of the motion states. R. 789 at 1. Regardless, because Republic did not prevail on its Lanham Act claim, the laches and equitable estoppel affirmative defenses are moot as to that claim. To the extent HBI argues in its supplemental motion to amend and subsequent briefings that the defenses were also tried by consent as to the unfair competition claim or the IUDTPA claim, those arguments are meritless. Republic had no notice HBI sought to amend its affirmative defenses as to those claims until August 13, 2021, more than six weeks after the jury returned its verdict, when HBI filed its supplemental motion. R. 822. HBI is correct that the Court decides if these affirmative defenses prevail. But this ignores the fact that proofs had long since closed and, as noted above, Republic was not able to effectively defend against the late-filed affirmative defenses during the trial.

complaint because it was "filed after great delay" and after discovery, which HBI argued was prejudicial. R. 198.

At the final pretrial conference on June 1, 2021, the Court read what were to be each of HBI's affirmative defenses out loud and HBI confirmed the Court's reading was correct. Again, HBI is silent as to why it did not move to amend its affirmative defenses during the pretrial conference. It was reasonable for Republic to rely on that representation.

The Seventh Circuit and numerous district courts have found that delays less extreme than HBI's form a basis for denial of a motion to amend. *See, e.g., Aldridge*, 635 F.3d at 875 (denying a motion to amend brought during trial because the movant could have brought the motion "much sooner"); *In re Ameritech Corp.*, 188 F.R.D. 280, 286 (N.D. Ill. 1999) (denying a motion to amend where the defendant "failed to meet its burden of showing some valid reason for delay"); *Cavagnetto v. Stolz*, 2015 WL 6449148 (S.D. Ill. Oct. 26, 2015) (denying a motion to amend because it was four years into litigation and after summary judgment had been decided). HBI's delay was unreasonable and remains unexplained to this day.

## Conclusion

Because the laches and equitable estoppel defenses were not tried by implied consent of the parties, and there was significant prejudicial delay in seeking amendment, HBI's motion to amend, R. 788, as well as its supplemental motion, R. 822, are denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 24, 2022