UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, AND REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP D/B/A HBI INTERNATIONAL, <br><br> Defendant. | No. 16 C 3401 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. ("Republic") brought this action against Defendant BBK Tobacco & Foods, LLB ("HBI") in 2016. The parties went to trial in June 2021 and have various post-trial motions pending. Now before the Court is HBI's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). R. 820. That motion is denied.

**Legal Standard**

Federal Rule of Civil Procedure 50(b) allows a party to renew a motion for judgment as a matter of law previously made under Rule 50(a). Under Rule 50(a), a court should grant judgment as a matter of law against a party if the party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). When determining whether a legally sufficient

evidentiary basis exists, the Court considers whether "the evidence as a whole, when combined with all reasonable inferences permissibly drafted from that evidence, is sufficient to allow a reasonable jury to find in favor of" the non-moving party. *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008) (internal citations omitted).

## Background

A jury trial was held in this case beginning on June 9, 2021. Before the jury deliberated, the parties had a jury instructions conference that extended over a period of two days. Relevant to this motion, HBI proposed, and the Court agreed, as to Republic's false advertising claim under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), to instruct the jury that it had to find HBI's false advertising occurred "primarily and substantially" in Illinois in order to find HBI liable. In the same instruction, the Court provided the jury with factors it could consider in determining whether the alleged conduct occurred primarily and substantially in Illinois, which include factors beyond just where the advertising occurred.[1] The parties agreed to include those factors. The same "primarily and substantially" language was included in the jury instruction for Republic's common-law unfair competition claim.

The jury returned a verdict on June 25, 2021. The jury found in favor of Republic on its IUDTPA false advertising claim and Illinois unfair competition claims. In finding for Republic on these claims, the jury necessarily found HBI's false

---

[1] The factors, explained in more detail *infra*, come from the Illinois Supreme Court's ruling in *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 186-87 (2005).

2

advertising occurred "primarily and substantially" in Illinois, based on the agreed-upon instruction. The jury then found for HBI on its copyright infringement and trade dress infringement claims, as well as on Republic's federal Lanham Act claim.

Both sides moved for judgment under Fed. R. Civ. P. 50(a). The Court did not rule on those motions before the verdict was reached. The Rule 50(a) motions were recently denied as moot, as Rule 50(b) motions and other post-trial motions were filed by the parties, where the same arguments were made, which reflected the jury verdict. The Court has considered all arguments made in HBI's 50(a) motion in its determination of HBI's 50(b) motion.

## Analysis

### I. Republic Met the "Primarily and Substantially" Requirement.

Neither party argues that the jury was improperly instructed in this case. Rather, HBI argues, despite the jury's finding, there was insufficient evidence to support a verdict against HBI on the IUDTPA claim. This is so, HBI argues, because Republic did not prove that the false advertising occurred "primarily and substantially" in Illinois, a required element of the claim. *See Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 186-87 (2005). HBI argues the Court should vacate the jury's verdict for Republic on this basis. HBI properly preserved this issue by raising it in its Rule 50(a) motion and at the jury instruction conference. *See* R. 782 at 15, n.4; Tr. Trans. 2065-2069.

In *Avery*, the Illinois Supreme Court held that the Illinois Consumer Fraud Act ("ICFA") allows for a private cause of action by an injured plaintiff "if the

3

circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." 216 Ill. 2d at 187. The Court held that there is no single formula or bright-line test for determining when a transaction occurs primarily and substantially within Illinois, and that each case must be decided on its own facts. *Id.* Factors considered include the plaintiff's residence, where the deception occurred, where the damage to the plaintiff occurred, and whether the plaintiff communicated with the defendant or its agents in Illinois. *Id.* at 187-190.[2]

The *Avery* analysis has been applied to other Illinois statutory actions, including the IUDTPA. *See LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857, 859 (N.D. Ill. 2011). In *LG*, the plaintiff brought suit against Whirlpool alleging false advertising in violation of the IUDTPA. Whirlpool conducted business in Illinois via an extensive relationship with Kenmore, which was headquartered in Hoffman Estate, Illinois. *Id.* at 861. The jury found for LG, but the court granted Whirlpool's post-trial motion for judgment as a matter of law. *Id.* at 858. The court, after determining that the "primarily and substantially" standard in *Avery* applied to claims under the IUDTPA, granted Whirlpool's motion based on a finding that LG exclusively offered evidence of nationwide, as opposed to Illinois-specific, conduct. *Id.*

---

[2] Republic points out that *Avery* involved an out of state plaintiff, and argues that *Avery* provided a rule that exclusively applies to out of state plaintiffs (not Illinois-based plaintiffs, such as Republic). Thus, Republic argues, the fact that it is an Illinois entity, alone, is dispositive. R. 875 at 5-6. But the *Avery* Court never made such a declaration, and Republic's cited authority does not stand for the categorical rule it proposes. Notably, the statute itself is silent as to who can bring a claim under it. The Court therefore applies the *Avery* test, giving significant but not dispositive weight to the fact that Republic is based in Illinois, and finds that Republic has satisfied it.

at 861-62. Specifically, the court used the *Avery* factors to guide its analysis: (i) the plaintiff's residence; (ii) where the deception occurred; (iii) where the damage to plaintiff occurred; and (iv) whether the plaintiff communicated with defendants or its agents in Illinois. *Id*. at 861 (citing *Avery*, 216 Ill. 2d at 187-190). *See also Morrison v. YTB Intern, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). In support of its IUDTPA claim, *LG* showed that Whirlpool conducted business in Illinois with Kenmore and Whirlpool sold dryers in Illinois. *LG*, 809 F. Supp. 2d at 861. The court held, under *Avery*, this evidence did not demonstrate that Whirlpool's challenged advertising occurred primarily and substantially in Illinois.

The Court agrees with the *LG* Court that the "primarily and substantially" standard applies to IUDTPA claims. With regard to Republic's IUDTPA false advertising claim, HBI argues *LG* is on point. But there are important distinctions.

First, the plaintiff in *LG* was not an Illinois resident, and thus the court did not consider whether damages could have occurred in Illinois had Whirlpool been Illinois-based. Republic is an Illinois entity. Courts in this district have found that when the plaintiff resides in Illinois, damages are often suffered in Illinois. *See, e.g., Greenlight Int'l, LLC v. Kent*, 2018 WL 4384298, at *5 (N.D. Ill. Sept. 14, 2018) (finding plausible injury to plaintiffs in Illinois where its main office was in Illinois, and defendants advertised on a website accessible from Illinois, harming plaintiff's business and reputation in Illinois); *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 866 (N.D. Ill. 2009) (plaintiffs established a factual nexus between defendants and Illinois

5

because plaintiff's business was in Illinois and therefore damage suffered from the alleged misconduct was in Illinois, even if also international in scope).

Further, as Republic points out, the jury in *LG* was not instructed that it had to find the conduct occurred primarily and substantially in Illinois in order to find Whirlpool liable under the IUDTPA. R. 875 at 3, n.2. Here, however, the jury was instructed exactly that. In particular, the jury was instructed that as to the IUDTPA claim, Republic needed to prove by a preponderance of the evidence "that the challenged advertising occurred primarily and substantially within the State of Illinois." Tr. Trans. 2476. The jury was then instructed that it could consider the following factors to determine whether the alleged conduct occurred primarily and substantially in Illinois: "(1) the plaintiff's residence; (2) where the deception occurred; (3) where the damage to plaintiff occurred; and (4) whether plaintiff communicated with defendants or its agents in Illinois." *Id*. Both parties agreed on this language. There is no reason to believe the jury did not consider these factors in making its determination, and HBI essentially ignores the fact that the jury was so instructed.

Turning to the *Avery* test, the Court finds there was enough evidence for the jury in this case to find in favor of Republic on its IUDTPA claim. Taking the first factor, the plaintiff's residence—Republic is an Illinois entity. The Court gives weight to Republic's place of business, and HBI does not cite any authority where an Illinois-based plaintiff was unable to satisfy the "primarily and substantially" test. As for the second factor (where the deception occurred), Republic alleged, and the evidence

6

showed, that HBI's false advertising claims occurred nationwide, including in Illinois. Third, Republic suffered injury in Illinois, where it contended and proved it lost sales as a result of HBI's deceptive practices. R. 875 at 8. And fourth, because Republic is Illinois-based, the jury clearly had sufficient evidence to determine that communications between Republic and HBI occurred, at least in part, in Illinois. The evidence as a whole, combined with all reasonable inferences permissibly drafted from that evidence, was sufficient for the jury to find in favor of Republic.[3]

Finally, as a matter of public policy, if the Court took HBI's position that Republic—even with its residence in Illinois and the other *Avery* factors met—failed to show HBI's misconduct occurred "primarily and substantially" in Illinois, any plaintiff suing under this statute would face significant difficulty in protecting themselves when a defendant employs a nationwide false advertising campaign. Such a campaign necessarily involves 49 other states, and usually involves nationwide or worldwide social media. If all conduct must occur within Illinois, or at least more than occurred here, the statute which seeks to protect plaintiffs from this kind of harm loses much of its efficacy. Given the *Avery* factors, especially in a false advertising

---

[3] HBI also argues the "primarily and substantially" test applies to Republic's common law unfair competition claim because the same language was included in the jury instruction on that claim. R. 821 at 5. But the Court agrees with Republic that both the record in this case and relevant caselaw do not support a finding that the test applies to the common law claim. R. 884 at 3-4. The Court has found as much in at least one other case, *Walls v. VRE Chicago Eleven, LLC*, 344 F. Supp. 3d 932, 947 (N.D. Ill. 2018), and HBI provides no on-point authority to the contrary. Even if the test did apply to the unfair competition claim, however, Republic satisfied the standard for the same reasons it satisfied it as to the IUDTPA claim. HBI's 50(b) motion as to the common law unfair competition claim is denied.

7

case, the jury must (and here did) look at more than a simple analysis of how many ads took place in Illinois.

## II. HBI Failed to Prove its Proposed Affirmative Defenses.

HBI argues the Court should grant its 50(b) motion based on its proposed laches and equitable estoppel affirmative defenses. R. 821 at 1-2. HBI sought leave to amend to add these two affirmative defenses, which the Court denied. R. 877. The Court therefore did not consider the laches and equitable estoppel arguments in ruling on the instant motion. However, even if HBI was granted leave to pursue the affirmative defenses, the Court finds for the sake of completeness that it did not sufficiently establish them.

To succeed on an equitable estoppel affirmative defense, HBI needed to prove: (1) Republic misrepresented or concealed material facts; (2) Republic knew at the time it made such representations that they were untrue; (3) HBI did not know the representations were untrue at the time they were made; (4) Republic intended or reasonably expected that HBI would act upon the representations; (5) HBI reasonably relied upon the representations; and (6) HBI would be prejudiced by its reliance on the representations if Republic was allowed to deny the truth thereof. *Glen Flora Dental Ctr., Ltd. V. First Eagle Bank*, 487 F. Supp. 3d 722, 739 (N.D. Ill. 2020). HBI has not shown that Republic misrepresented any material fact—nor has it shown that Republic had an "affirmative duty to speak" as to any material facts—a requirement for the affirmative defense in Illinois. *See Glen Flora*, 487 F. Supp. 3d at 740 (quoting *PPM Fin., Inc. v. Norandal USA, Inc.*, 297 F. Supp. 2d 1072, 1092 (N.D. Ill. 2004),

aff'd, 392 F.3d 889 (7th Cir. 2004)). HBI points to the 2006 Settlement Agreement as imposing an affirmative duty to speak on Republic, but the Agreement does not serve to impose such a duty. The Agreement provided that HBI would deliver its catalogues to Republic in an attempt to avoid future litigation. Nothing in the Agreement imposes a duty to speak on Republic or states that Republic must provide some kind of warning before pursuing litigation against HBI.

Similarly, to succeed on a laches defense, HBI needed to show that: (1) Republic "failed to assert a right with reasonable diligence despite having actual or constructive knowledge of the right"; and (2) HBI "suffered from the delay." *Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan, Inc.*, 330 F. Supp. 2d 970, 977 (N.D. Ill. 2004). *See also Jones v. Dep't of Healthcare and Family Servs.*, 2016 IL App. (4th) 140942. HBI has not shown—either at trial or in its motion to amend—that Republic had knowledge of each false advertising claim it eventually brought. HBI simply argues Republic delayed bringing its claims, but does not point the Court to the evidence from trial showing that Republic knew of its claims and intentionally delayed bringing them. Many of the claims as to false advertising appeared to have been learned of during discovery, after the case was filed. To be sure, HBI may have been less prejudiced if the lawsuit had been filed earlier, but nearly any defendant can say this. The other elements of laches were not met.

In summary, HBI's proposed affirmative defenses were brought after Republic completed its case-in-chief, and HBI's supplemental motion applying those defenses to Republic's state law claims was brought six weeks after trial. This inexplicable

9

delay prejudiced Republic, and the Court denied the motions to amend on that basis. Regardless, even if the Court granted HBI's motion to amend (and supplemental motion to amend), the affirmative defenses would fail because HBI did not meet its burden in proving them.

## Conclusion

For the foregoing reasons, HBI's renewed motion for judgment as a matter of law, R. 820, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 29, 2022