UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, AND REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP D/B/A HBI INTERNATIONAL, <br><br> Defendant. | NO. 16 C 3401 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Republic Technologies (NA) LLC and Republic Tobacco, L.P. ("Republic") brought this action against BBK Tobacco & Foods, LLP ("HBI") in 2016. The parties went to trial in June 2021 and have various post-trial motions pending. Now before the Court is Republic's renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). R. 819. That motion is denied.

**Legal Standard**

Federal Rule of Civil Procedure 50(b) allows a party to renew a motion for judgment as a matter of law previously made under Rule 50(a). Under Rule 50(a), a court should grant judgment as a matter of law against a party if the party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). When determining whether a legally sufficient evidentiary basis exists, the court considers whether "the evidence as a whole, when

combined with all reasonable inferences permissibly drafted from that evidence, is sufficient to allow a reasonable jury to find in favor of" the non-moving party. *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008) (internal citations omitted).

## Background

Republic brought this action against HBI in 2016. A jury trial began on June 9, 2021, and the jury returned its verdict on June 25, 2021. The jury found in favor of Republic on its Illinois Uniform Deceptive Trade Practices Act false advertising claim and Illinois unfair competition claims. The jury found for HBI on its claim that Republic's OCB "Sold Here" sign infringed HBI's copyright, as well as on HBI's claim that Republic's OCB 99-cent packaging infringed HBI's "RAW" trade dress. The jury found Republic's infringement was willful.

Both sides moved for judgment under Fed. R. Civ. P. 50(a). The Court did not rule on those motions before the verdict was reached. The Rule 50(a) motions were recently denied as moot, as Rule 50(b) motions and other post-trial motions were filed by the parties, where generally the same arguments were made, which reflected the jury verdict. The Court has considered all arguments made by Republic in its 50(a) motion in its determination of Republic's 50(b) motion.

## Analysis

Republic argues the jury did not have a legally sufficient basis to find for HBI on either its trade dress infringement claim or copyright claim. Republic also argues there was no basis to find the trade dress infringement was willful.

2

I. **Trade Dress Infringement**

Republic argues HBI did not establish a likelihood of confusion as to Republic's 99-cent packaging, as is required for the trade dress infringement claim.

The jury was instructed, in part, that HBI must prove by a preponderance of the evidence that "Republic used the 99-cent and/or full priced version of the packaging for its OCB Organic Hemp rolling papers in a manner that is likely to cause confusion, deception, or mistake as to the source or origin of the product." Tr. Trans. 2485-86. As HBI correctly points out, the Seventh Circuit has provided that "the question of likelihood of confusion is all fact and no law." *Scandia Down Corp. v. Euroquilt, Inc.*, 72 F.2d 1423, 1428 (7th Cir. 1985). Thus, overturning the jury verdict is proper here only if evidence supporting the verdict is completely lacking.

Republic argues the only similarity between the 99-cent packaging and the RAW packaging is a beige background. R. 819 at 3. This ignores the extensive testimony regarding the similar layouts, font styles, and colors that was presented to the jury. Tr. Trans. 1708-1710 (testimony regarding the distressed fonts, brown buttons on the left side, red letters, and textured background that both products displayed). Several witnesses testified as to the similarity between the trade dresses, specifically pointing out that the "COPY" parody booklet Republic argues was meant to look like its own OCB Organic Hemp packaging was actually based off RAW design elements. *See also* Tr. Trans. 650 (Republic's witness testifying that the COPY booklet looked "visually similar" to the RAW product, noting that "everyone else thought [the products] were visually similar in the marketplace").

3

Rather than addressing the sufficient evidence presented against it, Republic argues the Court should overturn the jury's verdict because HBI failed to produce evidence that a purchaser was actually confused by the trade dress similarities. R. 819 at 4-5. As an initial matter, such evidence is not required. "A plaintiff need not show actual confusion in order to establish the likelihood of confusion." *The Black & Decker Corp. v. Positec USA, Inc.*, 2015 WL 1543262, at *32 (N.D. Ill. July 10, 2015) (citing *Sands, Taylor, & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 960 (7th Cir. 1992)). The jury was instructed that HBI needed to prove a *likelihood* of confusion, deception, or mistake. Nonetheless, HBI did produce ample evidence of actual confusion through multiple witnesses, which it details at length in its response. See R. 872 at 9-10. Republic argues that evidence should simply be disregarded as hearsay. The Court has rejected this argument twice—at summary judgment and in its ruling on a motion in limine. R. 562 at 6; R. 759 at 8. The testimony regarding consumer confusion was properly admitted, and the jury was presented with a sufficient legal basis to find Republic's 99-cent packaging was used in a manner that was likely to cause confusion. There is no reason to now overturn that determination.

Finally, as for the jury's determination that Republic's infringement was willful, Republic did not raise a challenge to this finding in its 50(a) motion. *See Passananti v. Cook Cty.*, 689 F.3d 655, 660 (7th Cir. 2012) (explaining that an issue not raised in a 50(a) motion is forfeited). Even if Republic's argument was timely, the jury was presented with sufficient evidence to support its willfulness determination. To find willfulness, the jury had to find that Republic "knew it was infringing HBI's

4

trade dress or … acted with indifference to HBI's trademark rights." R. 802 at 16. Republic cites no authority in support of its argument, instead relying on its position that its evidence was more credible than HBI's evidence on the issue. HBI presented sufficient evidence to support a finding of willfulness, including testimony that RAW booklets were analyzed by Republic in designing the OCB packaging, and that employees specifically sought to replicate RAW packaging. R. 872 at 11-12. The Court will not weigh the credibility of the evidence in deciding a Rule 50(b) motion. *See Hammer v. Residential Credit Solutions, Inc.*, 2015 WL 7776807, *2 (N.D. Ill. 2003). There was sufficient evidence for the jury to find Republic's infringement was willful, and Republic makes no substantive argument to the contrary.

## II. Copyright Infringement

Republic then argues its "Sold Here" door sticker did not infringe HBI's copyright, because the phrase "sold here" is so common as to not be entitled to "protected expression" status. R. 819 at 7. The jury was instructed, as to the copyright infringement claim, that it had to find (10 "HBI's … 'sold here' sign [is] the subject of a valid copyright;" (2) "HBI owns the copyright;" and (3) "Republic copied protected expression in HBI's copyright work." Tr. Trans. 2478. HBI showed the jury its registration certificate covering the RAW "Sold Here" sign, and the jury necessarily determined that it was protectable expression subject to a valid copyright. Republic does not provide a single reference to authority in support for its argument, instead simply concluding the RAW "Sold Here" sign is not protectable expression. The Court

5

will not overturn a jury verdict on this basis, when the jury was presented with substantial evidence to support its determination.

The parties agree the jury was properly instructed on these claims. Republic essentially asks the Court to overturn multiple jury determinations because Republic contends its evidence is more credible than HBI's. But a reasonable jury would have a legally sufficient evidentiary basis to find in favor of HBI on its claim that Republic's OCB "Sold Here" sign infringed on HBI's copyright, and on its claim that Republic's 99-cent packaging willfully infringed on HBI's trade dress.

## Conclusion

For the foregoing reasons, Republic's renewed motion for judgment as a matter of law, R. 819, is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: March 29, 2022