UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, AND REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP D/B/A HBI INTERNATIONAL, <br><br> Defendant. | No. 16 C 03401 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

A jury found that Defendant BBK Tobacco & Foods, LLP ("HBI") engaged in unfair competition and violated the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") in its packaging and promotional activities for its RAW® Organic Hemp branded tobacco rolling paper products. Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. (collectively, "Republic") filed a post-trial motion for equitable relief, seeking, in part, a permanent injunction on various public statements that Republic claims are the basis for the jury's verdict. R. 815. HBI agreed to entry of an injunction and to the majority of Republic's proposed language, however, some disputes regarding the specific language of the injunction remained. On December 6, 2022, this Court issued a Memorandum Opinion and Order which made factual findings, addressed the parties' remaining disputes concerning the language of the injunction, and granted in part Republic's motion for equitable relief. R. 916 (the "Order"). HBI now files a motion for limited reconsideration as to one of

1

the holdings in the Order, and alternatively, seeks additional time to implement that holding. R. 917.

Specifically, in the Order, this Court made in-depth factual findings regarding HBI's claims that its rolling paper is made in Alcoy, Spain. The analysis and the factual basis of those findings need not be restated here. *See* R. 916 at 6–11. At issue, paragraph 5(e) of the proposed injunction prohibits HBI from using a stamp on its packaging and advertising materials that signifies the product is made in Alcoy, Spain (the "Alcoy stamp"). *Id.* at 11. HBI requested that paragraph 5(e) be edited to limit the injunction to HBI's RAW Organic Hemp brand, which was the brand at issue during the trial. *Id.* This Court denied that request, noting that, based on the evidence at trial, "none of HBI's products are made in Alcoy." *Id.* Thus, this Court held that "there is no need to limit [the] prohibition [on the Alcoy stamp] to RAW Organic Hemp packaging," explaining that:

> Republic . . . presented evidence that HBI's paper is not actually made in Alcoy, Spain, but is bulk-produced in Saint-Giron, France by a supplier named Schweizer. Pl.'s Ex. 405; Trial Tr. at 1420, 1553. The paper is then cut and converted into booklets by a supplier named Iberpapel at a factory in the village of Benimarfull, Spain. *See* Santiago Sanchez Testimony, Trial Tr. at 791 (**testifying that there are no paper makers or converters in the city of Alcoy**); 793–94 (testifying that Iberpapel has a factory in Benimarfull, but no factory in Alcoy).

*Id.* at 5–6, 11 (emphasis added). Also discussed was the Court's discretion to issue an injunction broad enough to be effective, especially where, like here, a party has shown a proclivity to attempt to evade court orders. *See Russian Media Group, LLC v. Cable America, Inc.*, 598 F.3d 302, 307 (7th Cir. 2010) (defendant had demonstrated

2

tendency for unlawful conduct and for violating court's orders, which warranted a broadly-worded order); *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010).

HBI now argues that this holding should be reconsidered because HBI uses the Alcoy stamp on a number of its other rolling paper brands, including ELEMENTS®, Juicy Jay's®, DLX®, Skunk®, and Pay-Pay®. R. 917 at 2, 5.[1] HBI contends that the origins of these brands were not at issue during the trial, that this Court's holding impermissibly extends beyond the confines of the case, and that it is "devastatingly prejudicial" to be enjoined from using the Alcoy stamp on those other brands.

First, HBI's assertion that the trial did not involve its other brands falls flat. Though the trial certainly was focused on the RAW Organic Hemp brand, the evidence at trial showed, and this Court found, that HBI makes **no** rolling paper in Alcoy, Spain whatsoever. And it is not "devastatingly prejudicial" to follow the law and cease making false statements. By way of analogy, a person who receives a traffic ticket for running a red light at Dearborn and Adams cannot try to get out of a later traffic ticket at Jackson and State because he thought that it was okay to continue running red lights everywhere else, and that it was wrong to do so only at Dearborn and Adams (where he got caught). Similarly, the Alcoy stamp is a false statement for RAW Organic Hemp products as much as it is for HBI's other brands. This Court has

---

[1] Indeed, in its catalog published a year after the trial in this case, HBI is still propounding the "Alcoy" story in addition to the Alcoy stamp on its other brands. *See* R. 919-2 at 2 ("This Alcoy factory produces many of our popular papers to date. Brands such as RAW®, Elements®, Juicy® Jay's® & DLX® are made using processes that date back to the origin of this factory."); *id.* at 6 ("Juicy® Jay's® are made in a small town in the mountains of Alcoy, Spain.").

the discretion to restrain false statements "similar" to the alleged violations at issue in the case. *Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 505 (7th Cir. 2008) (where there was a pattern of violations, the district court was within its discretion to expand the injunction beyond the specific instance at issue in the case).[2] Thus, HBI's motion for limited reconsideration is denied.

HBI has represented that it will be in compliance with the terms of the Order, with the exception of the Alcoy stamp on its other brands, by January 15, 2023. HBI has also reasonably stated that it plans to cease using the Alcoy stamp on all its products, but that, because of the lack of notice, the process is not complete and that it needs more time to do so. R. 917 at 8–9, 12–13. HBI will certainly incur time and expense in modifying its advertising, marketing, and packaging materials. HBI asserts that an immediate deadline would apparently cause it to have to pull 600 different products off the shelves. It is also true that, because of the passage of time, the original deadlines in the proposed injunction are now moot.

HBI's request for six months to implement the Order, however, is too much. HBI's Alcoy statements have been at issue since 2016, a year and a half has passed since the jury verdict, and a month and a half has elapsed since the Order which set out the terms of the injunction. In short, HBI should have seen this coming. Rather, the new schedule for the injunction's implementation should read:

---

[2] HBI's citation to *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 300 (2nd Cir. 1999) for the proposition that a court should not issue an injunction expanding the findings of the trier of fact in a trademark case is not applicable. Here, this Court was the trier of fact, and it found that HBI makes no rolling papers in Alcoy, Spain. Also, *Lineback*, a Seventh Circuit case, is controlling. 546 F.3d 491.

4

HBI will stop promoting, selling, distributing, shipping, or delivering products sold in packaging displaying the above statements, including an Alcoy stamp, pursuant to the following schedule:

(a) within 30 days, for all of HBI's RAW® Organic Hemp items subject to this Order;

(b) within 120 days following the entry of this Order, the remainder of HBI's items, other than RAW® Organic Hemp items, that are sold in packaging including an Alcoy stamp.

## CONCLUSION

For the foregoing reasons, HBI's motion for limited reconsideration (R. 917) is granted in part as to an extended timeframe to implement the terms of the Order but is otherwise denied. The parties are again ordered to promptly incorporate the Court's holdings in the December 6 Order along with this Order into the text of a final injunction and submit it to the Court for entry on the docket. Republic is further reminded that any motions for disgorgement and/or attorneys' fees should be submitted as soon as practicable so that this case can be brought to a definitive close.

ENTERED:

_Thomas M Durkin_
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: January 19, 2023