UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, and REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BBK TOBACCO & FOODS, LLP, d/b/a HBI INTERNATIONAL, <br><br> Defendant. | No. 16 C 3401 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

In this seven-year-long contest between competitors in the tobacco rolling paper industry, Plaintiffs Republic Technologies (NA), LLC and Republic Tobacco, L.P. (collectively, "Republic") move for a new trial on their unsuccessful Lanham Act false advertising claim against Defendant BBK Tobacco & Foods, LLP ("HBI"). R. 937. Republic alleges that it was prejudiced during trial by this Court's refusal to provide a supplemental jury instruction in response to a question it received from the jury during deliberations. For the following reasons, Republic's motion is denied.

**Background**

In this case, Republic alleged that HBI engaged in violations of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), common law unfair competition, and false advertising under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). Republic's Lanham Act claim focused on HBI's alleged false and/or misleading statements that HBI's RAW Organic Hemp rolling papers are the world's first or only

1

organic hemp papers, that they are made with natural hemp gum, that they are made in Alcoy, Spain, that they are "100% wind powered," that purchases of the papers benefit a charitable foundation known as the "RAW Foundation," and that Republic's brand of rolling papers are knock-offs or fake versions of RAW. R. 801 at 2. HBI counterclaimed that Republic infringed its copyrights and trade dress. R. 800, 802.

The parties proceeded to a jury trial in June 2021. It is undisputed that the evidence at trial demonstrated that HBI's sales are made exclusively to distributors or wholesalers, not end users, and that HBI's annual catalogs (which contained some of the misleading statements) are distributed only to wholesale customers, not the public. R. 937 at 2; R. 939. At the trial's close, the jury received the following instruction regarding Republic's Lanham Act claim:

> For Republic to succeed on its claim of false advertising, Republic must prove five things by a preponderance of the evidence:
>
> 1. HBI made a false or misleading statement of fact in a commercial advertisement about the nature; quality; characteristic; or geographic origin of its own product or Republic's product. A statement is misleading if it conveys a false impression and actually misleads a consumer. A statement can be misleading even if it is literally true or ambiguous.
>
> 2. The statement actually deceived or had the tendency to deceive a substantial segment of HBI's audience.
>
> 3. The deception was likely to influence the purchasing decisions of consumers.
>
> 4. HBI caused the false statement to enter interstate commerce. A false or misleading statement enters interstate commerce if HBI's products are transferred, advertised, or sold across state lines. The parties agree that HBI's products are transferred, advertised, and sold in interstate commerce.

2

> 5. Republic has been or is likely to be injured as a result of the false statement. Injury includes direct diversion of sales from itself to HBI; or a loss of goodwill associated with its products. . . .

R. 801 at 3. This instruction quotes verbatim the Seventh Circuit's Pattern Civil Jury Instruction for false advertising under the Lanham Act. Fed. Civ. Jury Instructions of the 7th Cir., § 13.3.1 (2017 ed.), available at https://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf. The jury was further instructed that, to be found liable, HBI must have acted "willfully," that is, knowing that the advertising was false or misleading or indifferent to that fact. R. 801 at 8. The instructions did not define "consumer."

As to the IUDTPA claim, the jury instructions stated that Republic was required to show that HBI represented that its goods have "characteristics, uses, or benefits that they do not have," or that its goods are "of a particular standard, quality, or grade" that they are not, or that HBI engaged in any other conduct that "creates a likelihood of confusion or misunderstanding." R. 801 at 9–11. Further, the jury was instructed that the IUDTPA does not require proof of actual confusion or misunderstanding. *Id.* at 10. Finally, the instructions stated that "[t]he evidence necessary to establish unfair competition is the same as that needed to establish a violation of the [IUDTPA]." *Id.* at 11.

On the first day of deliberations, the Court received a question from the jury requesting a copy of the profit apportioning report prepared by HBI's expert, Francis Burns. R. 799 at 2. This report, which analyzed what portion of HBI's profits were attributable to each of the alleged false and misleading statements, was only relevant

3

to the Lanham Act claim, because it was the only claim that required the jury to apportion profits. R. 801 at 6–7. The parties conferred, and the Court provided a copy of Burns's report to the jury. R. 857 at 2692.

On the second day of deliberations, the Court received two notes from the jury. One asked a question regarding HBI's trade dress claim. R. 799 at 4. The other said:

> Regarding Page 3 on Jury Instructions of FALSE ADVERTISING, Statement 1 says "A statement is misleading if it conveys a false impression AND actually <u>misleads a consumer</u>." Is this meaning there needs to be evidence of a misled statement [sic]? Does the plaintiff NEED to show an actual misled consumer? Can we make inference [sic] here? Is there a definition of "consumer"? Is that only the End User[1] of the product or including anyone who purchases the product?

*Id.* at 3 (emphases in original). Substantive discussions regarding this note occurred off the record. R. 857 at 2776. According to Republic's counsel, the Court purportedly made an off the record suggestion that "consumer" could be any purchaser, not just an end user, a position that Republic agreed with. Tanner Dec., R. 937-3. HBI allegedly stated that it had researched the issue and that the misled party must be an end user. *Id.* Nonetheless, on the record, the Court decided to refer the jurors to the original instructions without providing supplemental instructions, noting:

> These answers, I believe, are contained within the instructions. And I think to highlight and get into a colloquy with the jury about what certain instructions mean could be prejudicial to either side, because they may put undue weight on the answer and undue weight on a particular instruction. They're instructed to refer to and consider all the instructions, not to ignore any of them. And I think for me to answer some, defer on some, or answer just these, at least at this point, is inappropriate. If we get another question back from them saying they're really stumped on a particular question, which is why I'm saying "at this time" in the language, then I might reconsider this position. But I think

---

[1] The term "End User" was never referenced in the jury instructions.

> right now, the way these questions are phrased, the answers are contained in the instructions.

R. 857 at 2777. Republic objected that because there was ambiguity on the definition of "consumer," and an allegedly clear answer, the Court "ought to give [that answer] to the jury." *Id.* at 2776–77. The Court sent the following response to the jury: "As to your questions, I can only advise you (at this time) to refer to and review all the instructions, including cautionary instructions." *Id.* at 2778 (emphasis in original).

The jury returned a verdict the following morning, ruling against Republic on its Lanham Act false advertising claim, but in its favor on its claims for violations of the IUDTPA and common law unfair competition.[2] After lengthy post-trial briefing, HBI agreed to cease making the statements objected to by Republic, and the Court entered permanent injunctive relief. R. 925. The Court also granted a portion of Republic's request for attorneys' fees but denied its request for disgorgement. R. 930. Final judgment was entered on June 5, 2023. R. 935, 936. On June 21, 2023, Republic filed a motion for a new trial under Federal Rule of Civil Procedure 59, R. 937, which the Court now considers.

**Legal Standard**

A trial court "has great discretion in determining whether to grant a new trial." *Valbert v. Pass*, 866 F.2d 237, 239 (7th Cir. 1989) (quoting *Forrester v. White*, 846 F.2d 29, 31 (7th Cir. 1988)). A new trial may be granted "on all or some of the issues,"

---

[2] The jury also ruled for HBI on one of its copyright infringement claims and one of its trade dress claims against Republic and awarded HBI lost profits and statutory damages. R. 805.

Fed. R. Civ. P. 59(a)(1), if the court finds that "the verdict is against the weight of the evidence, or if the trial was unfair to the moving party for some other reason." *Forrester*, 846 F.2d at 31. Republic denies that it is seeking a new trial on the weight of the evidence, and instead contends that a new trial on its Lanham Act claim is warranted because the jury might have found in its favor had the Court provided a substantive answer to the jury's question on the definition of a "consumer."[3] R. 940 at 2–4.

A court has "broad discretion" in its response to a question received from the jury during deliberations. *United States v. Young*, 316 F.3d 649, 661 (7th Cir. 2002) (citing *United States v. Watts*, 29 F.3d 287, 291 (7th Cir. 1994)). A court may properly instruct the jury "to re-read the instructions in response to a question, so long as the original jury charge clearly and correctly states the applicable law." *United States v. Durham*, 645 F.3d 883, 893–94 (7th Cir. 2011). But the Court does have an "obligation" to "dispel[ ] any confusion quickly and with concrete accuracy." *Id.* at 893 (quoting *United States v. Carani*, 492 F.3d 867, 874 (7th Cir. 2007)). Therefore, when "it is clear that the jury is having difficulty with the original instructions, a supplemental instruction is appropriate." *Young*, 316 F.3d at 661 (citing *United States v. Lakich*, 23 F.3d 1203, 1208 (7th Cir. 1994)).

---

[3] The Court therefore declines to adopt HBI's suggestion to apply the "against the manifest weight of the evidence standard" in deciding Republic's motion. *United States v. Nunes*, 889 F.2d 1564, 1568–69 (6th Cir. 1989) (holding that "the deference due a properly supported verdict" when challenged on sufficiency of evidence is not applicable when the challenge is "specifically and solely [based] on the trial court's failure to make a proper response to a jury's inquiry").

Failure to dispel juror confusion (as evidenced by a juror question) with concrete accuracy is a proper basis for granting a motion for a new trial, so long as that failure prejudiced the movant. *Cook v. IPC Intern. Corp.*, 673 F.3d 625, 629 (7th Cir. 2012) (granting new trial where there were errors in the jury instructions and in the trial court's response to a jury question such that "a properly instructed jury might well have found in the plaintiff's favor") *Fields v. City of Chicago*, No. 10 C 1168, 2015 WL 13578989, at *5–6 (N.D. Ill. Apr. 7, 2015), *aff'd on other grounds*, 981 F.3d 534 (7th Cir. 2020) (granting motion for new trial where the trial court responded to a jury question by redirecting the jurors to the confusing original instructions, which prejudiced the plaintiff); *cf. United States v. Fisher*, 648 F.3d 442, 448 (6th Cir. 2011) (holding that the trial court's refusal to answer juror questions was not prejudicial and did not require new trial because the questions submitted by the jury "were not relevant").

## Discussion

Republic argues that the jury was confused on whether a "consumer" must be an end user. The jury was instructed that Republic needed to prove that HBI made a false or misleading statement of fact, and, in order for a statement to be considered misleading, it must actually mislead a consumer. R. 801 at 3. In context, the jury's question regarding the definition of "consumer" focused on this portion of the instructions.[4] *See* R. 799 at 3 ("Regarding Page 3 on Jury Instructions of FALSE

---

[4] The instructions also required that Republic show that the statement(s) were likely to influence the purchasing decisions of consumers, R. 801 at 3, but the juror question did not reference this section of the instructions.

7

ADVERTISING, Statement 1 says 'A statement is misleading if it conveys a false impression AND actually <u>misleads a consumer</u>.' . . . Is there a definition of 'consumer'? Is that only the End User of the product or including anyone who purchases the product?" (emphases in original)). It is true that the jury instructions themselves did not provide an express definition of "consumer." It is not clear, however, that the Court could have answered the jury's question with "concrete accuracy." And even if the correct answer was what Republic proposed, this Court did not err, and Republic was not prejudiced, by redirecting the jurors to the instructions.

This Court decided not to provide a supplemental instruction because the parties disagreed on the correct answer to the question and because this Court felt that doing so would have improperly emphasized certain instructions over others. R. 857 at 2777. Even now, neither party cites, nor could this Court find, any case law in this Circuit that directly answers the jury's question. The cases cited by Republic in its brief are largely from other circuits. And those from this circuit do not define who the "misled consumer" is, but rather, answer a different question—whether the commercial advertisement or promotion at issue was "disseminated sufficiently to the relevant purchasing public." *Republic Tobacco, L.P. v. N. Atl. Trading Co.*, No. 09 C 4011, 1999 WL 261712, at *8 (N.D. Ill. April 9, 1999) ("The Lanham Act does not require allegedly false statements to reach the ultimate consumer before they are actionable."); *Am. Needle & Novelty, Inc. v. Drew Pearson Marketing, Inc.*, 820 F. Supp. 1072, 1077 (N.D. Ill. 1993) (holding that a single letter to a non-consuming licensor did not constitute "commercial advertising and promotion,") ("Nothing in the

8

language of § 43(a) . . . specifically requires a false representation be intended to influence the ultimate consumer, whoever that might be."). Though the language in Republic's cited cases sheds light on the likely definition of a "consumer," those cases are far from controlling on the jury's exact question. Since, even now, this Court does not discern a concrete answer to the jury's question, it does not believe it could have given a supplemental instruction with "concrete accuracy." *Durham*, 645 F.3d at 893.

And critically, the jury instructions were not confusing or an inaccurate statement of the law. In the *Fields* case, in which a new trial was granted because the court failed to supply a supplemental instruction in response to a juror question, the deciding factor was that the original instructions were themselves confusing and defective. *Fields*, 2015 WL 13578989, at *5–6. This made the district court's "plain vanilla approach" of redirecting the jury to the original instructions an abuse of discretion. *Id.* That is not the case here. The instruction for false advertising given to the jury, which quoted verbatim the Seventh Circuit's pattern instruction for false advertising claims, is "presumed to accurately state the law." *United States v. Freed*, 921 F.3d 716, 721 (7th Cir. 2019) (citing *United States v. Marr*, 760 F.3d 733, 744 (7th Cir. 2014)). Republic did not object to the language of the original instructions when this Court adopted them or at the time of the question. R. 609-5 at 50; R. 793-3 at 5. *United States v. Mealy*, 851 F.2d 890, 902 (7th Cir. 1988) ("Because the defendants did not challenge the correctness of the instructions that the jury received, it was within the judge's discretion to direct the jury to reread the original instructions[.]"). And because there is no controlling law in this Circuit regarding who qualifies as a

9

"consumer," the instructions were not deficient for not providing a definition of that term. Therefore, the Court did not err by referring the jury to the original instructions. *Durham*, 645 F.3d at 894 (holding that a court does not abuse its discretion by directing a jury to read the jury instructions in response to a question where the instructions "clearly and correctly state[ ] the applicable law."); *Mealy*, 851 F.2d at 901–02 (collecting cases).[5]

Also fatal to Republic's argument is that, even assuming Republic is correct that a "consumer" includes any purchaser, this Court's refusal to provide a supplemental instruction on that issue did not prejudice Republic. Republic argues that "a properly instructed jury might well have found in [its] favor." *Cook*, 673 F.3d at 629–30. Republic makes a number of leaps in logic in support of its argument. First, it contends that because the jury's sole prior communication with the Court was a request for Burns's report, which was only relevant to apportioning profits for Republic's Lanham Act claim, the jury was considering ruling in Republic's favor. Second, because the Court refused to supply a supplemental instruction, Republic reasons that the jury must have inferred that "consumers" means "end users." And

---

[5] And even assuming Republic is correct that a "consumer" can include any purchaser, the jury instructions themselves, when read in their entirety, impliedly contain that definition. After the section that was the subject of the jury's question, the next requirement was that the false or misleading statement deceive or potentially deceive a "substantial segment of HBI's audience." R. 801 at 3. HBI's audience, according to the evidence presented at trial, included HBI's direct purchasers, such as wholesalers and distributors. *See Durham*, 645 F.3d at 894 (Trial court did not err by directing jury to read the jury instructions where closely rereading the instructions would have answered the jury's question.).

10

finally, because the question was the final communication from the jury before its verdict, this inference must have been "decisive" to its verdict. R. 937 at 12.

Republic's arguments are pure speculation. There is no reason to believe that the jury requested Burns's report for any purpose other than a desire to have a copy of all evidence presented at trial, and there is no evidence that the jury must have decided "consumers" only means "end users," rather than that "consumers" includes wholesalers or distributors. Additionally, Republic ignores that the final juror note also included questions regarding whether there needed to be evidence of a "misled statement" and whether Republic needed to show "an actual misled consumer." These questions may just as well have been "decisive" based on their timing. In the end, such speculation is irrelevant. *United States v. Cherek*, 734 F.2d 1248, 1252 (7th Cir. 1984) ("It would be speculative to endeavor to articulate . . . just what motivated the jury to ask this question.").

Republic also claims that the jury's verdict—ruling in Republic's favor on its IUDTPA and unfair competition claims, but against Republic on its false advertising claim—is "strongly suggestive" that its confusion on the definition of a "consumer" was dispositive. Republic argues that "the single most critical distinction between the Lanham Act claim and the other two claims" is the Lanham Act's requirement that a misleading statement actually mislead a consumer.[6] R. 801 at 3, 10–11. This is not,

---

[6] Notably, this Court previously declined to adopt a similar inference proposed by HBI in its response to Republic's motion for disgorgement. According to HBI, the split verdict implied that the jury found that the statements at issue did not or were not likely to influence consumers' purchasing decisions. But, as this Court explained,

11

however, the only "critical" distinction between these claims. The numerous differences are summarized in the chart below:

| Lanham Act false advertising elements (R. 801 at 3, 8) | IUDTPA/unfair competition elements (R. 801 at 9–11) |
|---|---|
| False or misleading statement of fact. To be misleading, statement must have actually misled a consumer. | Representation that goods have "characteristics, uses, or benefits that they do not have," or that goods are "of a particular standard, quality, or grade" that they are not, or any other conduct that "creates a likelihood of confusion or misunderstanding." |
| The statement was made in a commercial advertisement. | Not required. |
| The statement actually deceived or had the tendency to deceive a substantial segment of the defendant's audience. | The conduct creates a likelihood of confusion or misunderstanding. |
| The deception was likely to influence the purchasing decisions of consumers. | Not required. |
| The statement entered interstate commerce. | The advertising occurred primarily and substantially within the State of Illinois. |
| The claimant has been or is likely to be injured as a result of the false or misleading statement. | Not required. |
| The defendant acted willfully, knowing the statement was false or misleading, or indifferent to the fact that the statement was false or misleading. | Not required. |

The jury may have distinguished between Republic's false advertising claim and its IUDTPA claim for any one of these differences. For example, the jury may have found that HBI did not act willfully (a requirement of under the Lanham Act, but not under the IUDTPA), or that Republic was not injured by the false or misleading statements

---

"this is reading too much into the jury's verdict. . . . The Court will not speculate on the basis of the jury's verdict without a special finding." R. 930 at 9.

(a requirement under the Lanham Act, but not under the IUDTPA). Without a special finding, it would be improper for this Court to speculate on the reason for the jury's verdict. *See Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir. 1996) ("We see no reason to pluck from the verdict speculative findings not necessarily reached by the jury.").

Finally, even if the Court had told the jury that the term "consumer" included all purchasers of HBI products, and even if this were a dispositive issue, Republic did not provide evidence at trial outside of the opinions of its own founder and corporate officer[7] that a single consumer (whether end user or distributor) was misled. Republic did not, for example, present any survey evidence or expert testimony establishing a misled purchaser, nor did it call a single distributor, wholesaler, or end user to testify about whether they were misled. Republic's former Executive Vice President and Chief Legal Officer, Seth Gold, testified as such:

> Q: "You did not testify that a single end-user customer will testify in this case for Republic, right?"
>
> A: ". . . [T]hat's correct."
>
> Q: "You are well aware that there are going to be no surveys introduced by Republic in this lawsuit to demonstrate deception, correct?"

---

[7] Republic founder, Don Levin, testified that, in his opinion, "the stores at the trade shows" and "distributors at the trade shows . . . are affected by these things." R. 848. But this testimony goes to materiality of the statements and does not prove that any trade show attendee was actually misled, a requirement in order to prove a misleading statement. Other statements at trial included Levin testifying that, in his experience, HBI's advertising claims "matter" to "customers," *id.* at 355–60, and Gold stating that "people who purchased natural hemp gum" would "be deceived" if they found out that the gum was not made with natural hemp, R. 851 at 1064. Neither of these statements attempted to differentiate wholesalers from end users.

A: "That's correct."

Q: "You are also aware that there won't be a single customer witness . . . who will testify for Republic how they interpret a single one of these statements, right?"

A: "That's correct."

R. 851 at 1115–16. This lack of evidence may well have been the basis for the jury's verdict, and the supplemental instruction requested by Republic would not have made a difference.

In sum, there is simply no indication that this Court's refusal to provide a supplemental instruction to the jury was prejudicial to Republic, and its motion for a new trial on this basis fails.

## CONCLUSION

For the foregoing reasons, Republic's motion for a new trial [937] is denied.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 22, 2023